MERRILL F. STORMS, JR. (Bar No. 78333)
JOHN E. FITZSIMMONS (Bar No. 182467)
AMY E. BECKSTEAD (Bar No. 216422)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:   619-699-2972
Fax:   619-699-2701
Email: john.fitzsimmons@dlapiper.com

Attorneys for Defendant
RAYTHEON COMPANY

FILED
10 MAR 24 PM 4:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ~TB   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WATSON, on behalf of himself and all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY and DOES 1 through 100, Inclusive,<br><br>Defendant. | CASE NO. 10 CV 0634 LAB RBB<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1332, 1441, 1446 & 1453 (CLASS ACTION FAIRNESS ACT OF 2005)** |

TO PLAINTIFF ANDRE WATSON, HIS ATTORNEYS OF RECORD, AND TO THE CLERK FOR THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Raytheon Company (Raytheon) hereby removes the above-entitled case from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. The grounds for removal are as follows:

### I. INTRODUCTION

1. On February 23, 2010, the United States Supreme Court issued its decision in *Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601 (2010), specifying that the phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at *3. The *Hertz* decision overruled the Ninth Circuit's "total activities" test regarding a corporation's "principal place of

-1-

business" and resolved the uncertainties surrounding the issue of corporate citizenship. Because the United State Supreme Court's decision in *Hertz* eliminated any uncertainty as to the meaning of "principal place of business," Raytheon's principal place of business is now clearly in Massachusetts. Based on this new ruling and new guidance, Raytheon removes this case under the Class Action Fairness Act.  28 U.S.C. §§ 1332(d)(2) and (d)(5)(b).

2. On or about May 29, 2008, Plaintiff Andre Watson (Watson) filed a complaint in the Superior Court of the State of California, County of San Diego, entitled *Andre Watson, on behalf of himself and all others similarly-situated v. Raytheon Company, and Does 1 through 100, Inclusive*, Case No. 37-2008-00084769-CU-OE-CTL. Watson filed a First Amended Complaint (FAC) on or about November 23, 2009.

3. The Complaint is a purported class action brought on behalf of all Raytheon Level 1 and Level 2 Software Engineers that were employed in California on or after the date four years prior to the commencement of Watson's action. (FAC ¶ 25.) The Complaint alleges that Raytheon improperly classified these software engineers as exempt employees, allegedly resulting in numerous wage and hour violations and associated penalties, including non-payment of overtime compensation, the failure to provide meal and rest breaks, the failure to pay all wages owed to terminated employees, and the failure to provide accurate itemized wage statements. (FAC ¶¶ 1-4.)

4. On January 15, 2010, a hearing regarding class certification was held in the Superior Court. On January 29, 2010, the Superior Court issued an order granting class certification.

## II. PROCESS, PLEADINGS, AND ORDERS IN STATE COURT

5. The pleadings listed in Exhibit A constitute all the process, pleadings, and orders in this action to date of which Defendant is aware. Copies of said pleadings are attached hereto to Exhibit A as Exhibits 1 through 79.

## III. BASIS FOR JURISDICTION

6. This Court has original jurisdiction over this case under 28 U.S.C. section 1332(d). As detailed below, the removed case is a purported class action in which (1) a member of the

-2-

class of plaintiffs is a citizen of a state different than that of a defendant; (2) the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs; and (3) the number of members of Plaintiff's proposed class is not less than 100. *See* 28 U.S.C. §§ 1332(d)(2) and (d)(5)(b). Thus, the action is one which Raytheon may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1453.

      **(a)    A Member of the Class of Plaintiffs is a Citizen of a Different State than that of Defendant.**

7.    Plaintiff is a domiciliary, citizen, and resident of the County of San Diego, California. Plaintiff has lived, worked, and attended school in California over the course of the last 5 years. Plaintiff currently resides and works in California.

8.    Other putative class members are also domiciliaries, citizens, and residents of California. (See Swisshelm Decl. ¶ 6.)

9.    Raytheon is a Delaware corporation with its headquarters in Waltham, Massachusetts. (Gasperini Decl. ¶ 2.) At the time this case was filed, and continuing through the date of the class certification hearing and subsequent order, there was a split in authority among the federal circuits regarding the citizenship of a corporation for diversity purposes, with the Ninth Circuit applying the "total activities" test to determine a corporation's "principal place of business" for citizenship purposes. *See, e.g., Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). As noted by the United States Supreme Court in *Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601 (2010), different federal circuits and sometimes different courts within a single circuit, have applied the highly general multifactor tests to determine a corporation's "principal place of business" in different ways. *Id.* at *10. Under the total activities test, California could have been considered a "principal place of business" of Raytheon, as four of its six divisions have major facilities in California, its Space and Airborne Systems division is headquartered in California, and a substantial portion of Raytheon's business is done in California. (Gasperini Decl. ¶¶ 4-8.)

10.    Because of the uncertainty of the law regarding the definition of "principal place of business," because Raytheon and Watson or other members of the putative class were citizens

of California, and because the amount in controversy was still uncertain in this case, Raytheon did not remove the action under the Class Action Fairness Act of 2005 when this case was originally filed. *See* 28 U.S.C. § 1332(d)(2); *see also* § 1332(d)(3) and (d)(4).

11. On February 23, 2010, the United States Supreme Court issued its decision in *Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601 (2010). The Court's decision in *Hertz* specified the meaning of the phrase "principal place of business," overruled the Ninth Circuit's "total activities" test, and eliminated any uncertainty as to the meaning of "principal place of business," holding that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at *3. Lower federal courts often conceptualized this location as the corporation's "nerve center," and it will typically be found at the corporation's headquarters. *Id.*

12. Raytheon's corporate headquarters are located in Waltham, Massachusetts, and its high level officers direct, control, and coordinate Raytheon's operations from that location. (Gasperini Decl. ¶ 3.) Thus, under the United States Supreme Court's new guidance set forth in *Hertz*, Raytheon's principal place of business is Massachusetts. Accordingly, Raytheon is a citizen of Delaware (its state of incorporation) and Massachusetts (its principal place of business) - - but not California.

13. Because Raytheon cannot be considered a citizen of California based on the United States Supreme Court's decision in *Hertz*, Watson and Raytheon are not citizens of the same state. Accordingly, this Court has jurisdiction of this case under the Class Action Fairness Act of 2005 (CAFA), as at least one member of the class of plaintiffs - - Watson and others - - is a citizen of a state different from that of Raytheon. 28 U.S.C. § 1332(d)(2)(A). (Swisshelm Decl. ¶ 6.)

**(b)  The Amount in Controversy Exceeds $5,000,000.**

14. Under CAFA, in determining whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, the claims of the individual class members shall be aggregated. 28 U.S.C. § 1332(d)(6).

/////

-4-

15. The amount in controversy in this case exceeds the sum or value of $5,000,000, exclusive of interest and costs. (Beckstead Decl. ¶¶ 2-21.)

16. Watson has styled this action as a class action purportedly brought on behalf of all Raytheon Level 1 and Level 2 Software Engineers that were employed in California on or after the date four years prior to the commencement of Watson's action. (FAC ¶ 25.) The Complaint seeks overtime pay, compensation for missed meal and rest breaks, damages and penalties for knowing and intentional failure to comply with California itemized wage statement provisions, restitution to the class members under the California Unfair Competition Law, and penalties under the California Private Attorneys General Act (PAGA). (FAC ¶¶ 1-4, 46-54.) In addition, the Complaint seeks injunctive relief that would have a substantial effect on Raytheon's business by requiring it to reclassify all of its Level 1 and Level 2 Software Engineers as non-exempt employees. (*See* FAC ¶ 50 and Prayer for Relief.)

17. Raytheon denies the allegations of Plaintiff's First Amended Complaint. Raytheon maintains that its Software Engineers were and are properly classified as exempt employees. Nevertheless, Raytheon has prepared an analysis of the amount in controversy in this case based upon Plaintiff's allegations in the First Amended Complaint. Raytheon's analysis assumes, for purposes of removal only, that Plaintiff will prove the allegations contained in his First Amended Complaint. Based on Plaintiff's allegations and his demands for both wages and penalties, and a class size in excess of 400 members, the amount in controversy in this action exceeds $5,000,000.[1]

18. Raytheon calculated the amount in controversy regarding Plaintiff's overtime claims using a number of different assumptions as to the amount of overtime per week that each class member would be entitled to if Plaintiff proves his allegations. Under California law, overtime is paid at a rate of 1.5 times the employee's normal hourly rate.[2] Cal. Lab. Code § 510.

19. One overtime scenario Raytheon analyzed is the amount in controversy if Plaintiff is able to prove that each class member worked an average of two hours of overtime per

---

[1] Raytheon's analysis is based on the data available at this time. Discovery is still ongoing.
[2] Because Raytheon paid its employees a salary, Raytheon constructed an estimated hourly rate for each class member. (See Beckstead Decl. ¶¶ 7-8.)

-5-

workweek. Under that scenario, the amount in controversy on Plaintiff's overtime claim would be in excess of $5,000,000. (Beckstead Decl. ¶ 10.)

20. Similarly, Raytheon calculated the amount in controversy regarding the alleged meal and rest period violations using a number of different assumptions. *See* Cal. Lab. Code § 226.7 (employee is entitled to 1 hour of pay for each missed meal or rest period). Raytheon calculated, the amount in controversy if Plaintiff proves that there was an average of 2 meal or rest period violations per week, per class member. Under that assumption, the amount in controversy on Plaintiff's meal and rest period claims would be in excess of $3,000,000. (Beckstead Decl. ¶ 12.)

21. Raytheon also analyzed the amount in controversy regarding alleged violations of California Labor Code section 226(e) claim. Section 226(e) provides for penalties for an employer's knowing and intentional failure to comply with section 226(a), which requires that the employer provide accurate itemized wage statements. The penalty is $50 for the first violation, and $100 for each subsequent violation. Based on the number of pay periods and class members that these penalties could apply to if Plaintiff proves his Complaint, the amount in controversy regarding Plaintiff's section 226(e) claim is in excess of $1,000,000. (Beckstead Decl. ¶ 17).

22. Finally, Raytheon calculated the amount in controversy regarding the alleged waiting time penalties under California Labor Code section 203. Under section 203, a terminated employee's wages continue to accrue for up to 30 days if the employee is not paid all wages owed at the time of termination. Based on Raytheon's payroll records, at least 127 class members have been terminated. (Beckstead Decl. ¶¶ 5, 18.) Based on an estimated hourly rate that Raytheon calculated for its terminated class members, and if plaintiff prevails on this claim, the amount in controversy on this claim is in excess of $1,000,000. (Beckstead Decl. ¶ 18.)

23. Thus the amount in controversy on just these four claims alone is well in excess of the required CAFA threshold of $5,000,000.

/////

/////

/////

24.     Plaintiff, however, also seeks attorneys' fees under California Labor Code section 1194 and California Code of Civil Procedure section 1021.5. Where a statute authorizes an award of attorneys' fees, those fees are part of the amount in controversy. *Lowdermilk v. United States Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007).

25.     In a large wage and hour class action, typical attorneys' fees range from 25% to 33% of the class recovery. (Beckstead Decl. ¶ 21.) Accordingly, if Plaintiff is successful on his underlying claims, and is awarded attorneys' fees, the potential amount in controversy is even greater than the amount noted above.

26.     In addition, Plaintiff seeks various penalties under PAGA. *See* Cal. Lab. Code §§ 2698 through 2699.5. Raytheon has not included these claims in calculating the amount in controversy because it maintains that the PAGA claims are barred by the statute of limitations. Nevertheless, if Plaintiff is successful in asserting his PAGA claims, then the amount in controversy is even greater than the amount noted above.

27.     Finally, Plaintiff seeks injunctive relief that would require Raytheon to reclassify all of its Level 1 and Level 2 Software Engineers as non-exempt, thus making them eligible for overtime and other benefits. (*See* FAC ¶ 50 and Prayer for Relief.) At this time, Raytheon has not attempted to calculate the benefit that such relief would have for the class members, nor the costs of compliance for Raytheon. Nevertheless, Plaintiff's request for injunctive relief substantially increases the amount in controversy.

(c)     **The Number of Proposed Class Members is Not Less than 100.**

28.     There are least 100 members of the proposed plaintiff class. The purported class includes all Raytheon Level 1 and Level 2 Software Engineers that were employed in California on or after the date four years prior to the commencement of Watson's action. (FAC ¶ 25.) In the time period covered by Plaintiff's class definition, Raytheon employed in excess of 400 Level 1 and Level 2 Software Engineers (Beckstead Decl. ¶ 2.) Accordingly, the number of members of the proposed class is not less than 100. *See* 28 U.S.C. 1332(d)(5)(b).

/////

/////

      **(d)   This Notice of Removal is Timely Filed.**

29. This Notice of Removal has been timely filed under 28 U.S.C. 1446(b). It was filed within thirty days of the date of the Supreme Court's February 23, 2010 decision in *Hertz*, which was the date when this action first became removable.

30. As Raytheon is the only Defendant in this case, no other defendants are required to join in this removal. *See also* 28 U.S.C. 1453(b) (providing that a class action may be removed by any defendant without the consent of all defendants).

31. Pursuant to 28 U.S.C. section 1446(d), Raytheon will promptly give notice of this Notice of Removal to all adverse parties. Raytheon is also filing a copy of the Notice to Adverse Party of Removal to Federal Court with the San Diego County Superior Court.

WHEREFORE, this action now pending in the San Diego County Superior Court is hereby removed to the United States District Court for the Southern District of California pursuant to 28 U.S.C. section 1441.

Dated: March 24, 2010

                    DLA PIPER LLP (US)

                    By _____
                    MERRILL F. STORMS, JR.
                    JOHN E. FITZSIMMONS
                    AMY E. BECKSTEAD
                    Attorneys for Defendant
                    RAYTHEON COMPANY

EXHIBIT A
TABLE OF CONTENTS OF EXHIBITS

| EXHIBIT NO. | DOCUMENT TITLE |
|---|---|
| 1. | Class Action Complaint 1) Failure To Pay Overtime Wages; 2) Failure To Provide Meal Periods or Compensation In Lieu Thereof; 3) Failure To Provide Rest Periods or Compensation In Lieu Thereof; 4) Knowing and Intentional Failure To Comply With Itemized Employee Wage Statement Provisions; 5) Violations of The Unfair Competition Law; |
| 2. | Notice of Case Assignment; |
| 3. | Answer To Plaintiff's Unverified Complaint For Damages; |
| 4. | Notice of Motion and Motion To Compel Further Response To Special Interrogatory Nos. 1-4; Memorandum of Points and Authorities; Declaration of J. Jason Hill |
| 5. | Separate Statement of Items In Dispute Re: Contact Information; |
| 6. | [Proposed] Order Granting Plaintiff's Motion To Compel Further Responses To Special Interrogatories, Set One, Nos. 1-4; |
| 7. | Plaintiffs' Ex Parte Application Regarding Discovery Issues; Memorandum of Points and Authorities; Declaration of J. Jason Hill; |
| 8. | Separate Statement of Items In Dispute; |
| 9. | [Proposed] Order Setting Motion To Compel Further Responses To Plaintiff's Form Interrogatories, Special Interrogatories, Request For Admissions and Request For Production Of Documents; |
| 10. | Notice of Hearing; |
| 11. | Response To Motion To Compel Further Response To Special Interrogatory Nos. 1-4; Declaration of Tonya M. Cross; |
| 12. | Case Management Statement; |
| 13. | [Proposed] Stipulation and Order Compelling Disclosure of Contact Information; |
| 14. | Case Management Statement (Plaintiff); |
| 15. | Notice of Withdrawal of Motion To Compel Further Response To Special Interrogatory Nos. 1-4; |
| 16. | Stipulation and Protective Order Governing Production and Exchange of Confidential Information; |
| 17. | Notice of Entry of Order Compelling Disclosure of Contact Information; |
| 18. | Notice of Hearing; |
| 19. | Notice of Change of Firm Name; |
| 20. | Case Management Statement (Plaintiff); |
| 21. | Defendant Raytheon Company's Ex Parte Application Regarding Stipulation and [Proposed] Order To Submit Redacted Declarations; |
| 22. | Stipulation and Order Granting Leave To File First Amended Complaint; |
| 23. | Stipulation and Order Regarding Motion For Class Certification and Redacted Declarations; |
| 24. | Plaintiff's Notice of Motion and Motion For Class Certification; |
| 25. | Memorandum of Points and Authorities In Support of Plaintiff's Motion For Class Certification; |
| 26. | Plaintiff's Compendium of Facts and Evidence In Support of Motion For Class Certification; |
| 27. | Declaration of Timothy D. Cohelan In Support of Plaintiff's Motion For Class Certification; |
| 28. | Declaration of Michael D. Singer In Support of Plaintiff's Motion For Class Certification; |
| 29. | Declaration of Gerry Brown In Support of Plaintiff's Motion For Class Certification; |

WEST\21903935.1

| | |
|---|---|
| 30. | Declaration of Philip C. Gorman, Ph.D In Support of Plaintiff's Motion For Class Certification; |
| 31. | Notice To Defendant Raytheon Company of Lodgment of Exhibits Conditionally Under Seal In Support of Plaintiff's Motion For Class Certification; |
| 32. | Notice of Lodgment of Exhibits in Support of Plaintiff's Motion for Class Certification |
| 33. | [Proposed] Order Granting Plaintiff's Motion For Class Certification; |
| 34. | First Amended Class Action Complaint; |
| 35. | Plaintiff's Amended Notice of Motion and Motion For Class Certification; |
| 36. | Declaration of Frederick W. Gaston In Support of Motion For Class Certification; |
| 37. | Declaration of Michael P. Ward, Ph.D. In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 38. | Defendant Raytheon Company's Notice of Lodgment of Non-California Authorities In Support of Its Opposition To Plaintiff's Motion For Class Certification; |
| 39. | Declaration of Amy E. Beckstead In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 40. | Defendant Raytheon Company's Notice of Lodgment of Exhibits In Support of Its Opposition To Plaintiff's Motion For Class Certification; |
| 41. | Defendant Raytheon Company's Points and Authorities In Support of Its Opposition To Plaintiff's Motion For Class Certification; |
| 42. | Defendant Raytheon Company's Objections To and Motion To Strike Declaration of Philip C. Gorman Submitted By Plaintiff In Support of Motion For Class Certification; |
| 43. | Defendant Raytheon Company's Objections To and Motion To Strike Declaration of Gerry Brown Submitted By Plaintiff In Support of Motion For Class Certification; |
| 44. | Declaration of Kevin Paquin In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 45. | Declaration of David Maroney In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 46. | Declaration of John Levy In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 47. | Defendant Raytheon Company's Response and Objection To Compendium of Facts and Evidence Submitted By Plaintiff In Support of Motion For Class Certification; |
| 48. | Defendant Raytheon Company's Request For Judicial Notice In Support of Its Opposition To Plaintiff's Motion For Class Certification; |
| 49. | Defendant Raytheon Company's Objections To and Motion To Strike Deposition Testimony of Andre Watson Submitted In Support of Motion For Class Certification; |
| 50. | Declaration of Therese Boyle In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 51. | Declaration of Arlene Fink, Ph.D. In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 52. | Declaration of Patricia A. Strickland In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 53. | Declaration of Fay Bortcosh In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |

WEST\21903935.1

| | |
|---|---|
| 54. | Declaration of Michael Haley In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 55. | Declaration of John E. Fitzsimmons In Support of Defendant Raytheon Company's Opposition To Plaintiff's Motion For Class Certification; |
| 56. | [Proposed] Order On Defendants' Evidentiary Objections To Evidence Submitted By Plaintiff In Support of His Motion For Class Certification; |
| 57. | Proof of Service; |
| 58. | Notice of Hearing On Demurrer By Defendant Raytheon Company To Plaintiff's First Amended Complaint; |
| 59. | Demurrer By Defendant Raytheon Company To Plaintiff's First Amended Complaint; |
| 60. | Memorandum of Points and Authorities In Support of Demurrer By Defendant To Plaintiff's First Amended Complaint; |
| 61. | Notice of Lodgment of Non-California Authorities In Support of Demurrer By Defendant Raytheon Company To Plaintiff's First Amended Complaint; |
| 62. | [Proposed] Order On Demurrer To Plaintiff's First Amended Complaint; |
| 63. | Plaintiff's Reply Brief In Support of Motion For Class Certification; |
| 64. | Supplemental Declaration of J. Jason Hill In Support of Plaintiff's Motion For Class Certification; |
| 65. | Plaintiff's Submission of Common Questions of Law and Fact Appropriate For Class Certification And Class-Wide Determination; |
| 66. | Plaintiff's Response and Opposition To Raytheon's Evidentiary Objections and Motions To Strike; |
| 67. | Supplemental Declaration of Philip C. Gorman, Ph.D In Support of Plaintiff's Motion For Class Certification; |
| 68. | Supplemental Appendix of Federal and Non-California Authorities In Support of Plaintiff's Motion For Class Certification; |
| 69. | Request For Judicial Notice In Support of Motion For Class Certification; |
| 70. | Declaration of Service: Reply To Motion For Class Certification; |
| 71. | Defendant Raytheon Company's Objections To and Motion To Strike Supplemental Declarations of Philip C. Gorman and J. Jason Hill Submitted By Plaintiff In Support of Motion For Class Certification; |
| 72. | Defendant Raytheon Company's Objections To Plaintiff's Request For Judicial Notice; |
| 73. | [Proposed] Order Regarding Defendant Raytheon Company's Objections To The Supplemental Declarations of J. Jason Hill and Philip C. Gorman; |
| 74. | Minute Order; |
| 75. | Minute Order ; |
| 76. | Plaintiff's Opposition To Demurrer To The "PAGA" Cause of Action In The Plaintiff's First Amended Complaint; |
| 77. | Reply In Support of Defendant Raytheon Company's Demurrer To Plaintiff's First Amended Complaint; |
| 78. | Supplemental Notice of Lodgment In Support of Reply By Defendant Raytheon Company To Demurrer To Plaintiff's First Amended Complaint; |
| 79. | Amended Notice of Hearing On Demurrer By Defendant Raytheon Company To Plaintiff's First Amended Complaint; |

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS
ANDRE WATSON

**DEFENDANTS**
RAYTHEON COMPANY

FILED PM 3:55

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
J. Jason Hill, Esq., Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101, 619-595-3001

Frederick W. Gaston, Esq., Gaston & Gaston, 1010 2nd Avenue, Suite 1770, San Diego, CA 92101, 619-398-1882

Attorneys (If Known)
Merrill F. Storms, Jr., Esq.; John E. Fitzsimmons, Esq.
DLA Piper LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101
619-699-2972

'10 CV 0634 LAB RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332, 1441, 1446 and 1453

Brief description of cause:
Wage and hour class action

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $5 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: March 24, 2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 11495   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE
CR   TB 03-24-10

American LegalNet, Inc.
www.FormsWorkflow.com

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011495
Cashier ID: mbain
Transaction Date: 03/24/2010
Payer Name: DLA PIPER
--------------------------------
CIVIL FILING FEE
 For: WATSON V RAYTHEON CO
 Case/Party: D-CAS-3-10-CV-000634-001
 Amount:         $350.00
--------------------------------
CHECK
 Check/Money Order Num: 592223
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```