# EXHIBIT A

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

*Watson v. Raytheon Company*
**U.S.D.C. Case No. 10CV0634 LAB (RBB)**

**Declaration of Timothy D. Cohelan in Support of
Motion for Preliminary Approval of Class Action
Settlement, Approval of Class Notice, And Setting
of Final Fairness Hearing**

1  Timothy D. Cohelan, Esq., SBN 60827
   Isam C. Khoury, Esq., SBN 58759
2  Michael D. Singer, Esq., SBN 115301
   Diana M. Khoury, Esq., SBN 128643
3  J. Jason Hill, Esq., SBN 179630
   **COHELAN & KHOURY**
4  605 C Street, Suite 200
   San Diego, CA 92101-5305
5  TEL:   (619) 595-3001
   FAX:   (619) 595-3000
6
   Frederick W. Gaston, Esq., SBN 231179
7  **GASTON & GASTON**
   1010 2nd Avenue, Suite 1770
8  San Diego, CA, 92101
   TEL:   (619) 398-1882
9  FAX:   (619) 398-1887
10 Attorneys for Plaintiff Andre Watson on behalf of
   himself and all others similarly-situated
11
   MERRILL F. STORMS, JR. (Bar No. 78333)
12 JOHN E. FITZSIMMONS (Bar No. 182467)
   AMY E. BECKSTEAD (Bar No. 216422)
13 **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
14 San Diego, CA  92101-4297
   Tel:     619-699-2972
15 Fax:    619-699-2701
16 Attorneys for Defendant
   RAYTHEON COMPANY
17
18                  UNITED STATES DISTRICT COURT
19              SOUTHERN DISTRICT OF CALIFORNIA
20
21 ANDRE WATSON, on behalf of himself        CASE NO. 10-cv-00634-LAB-RBB
   and all others similarly-situated,
                                             **STIPULATION AND SETTLEMENT**
22          Plaintiff,                       **AGREEMENT OF CLASS ACTION CLAIMS**
23      v.                                   Judge: Hon. Larry A. Burns
24 RAYTHEON COMPANY and DOES 1               Complaint filed:      May 29, 2008
   through 100, Inclusive,                   Trial Date:           None set
25
            Defendant.
26
27
28

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-1-                CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**IT IS HEREBY STIPULATED**, by and among Plaintiff Andre Watson on behalf of himself and all others similarly situated and Defendant Raytheon Company, subject to the approval of the Court, that this class action is hereby compromised and settled pursuant to the terms and conditions set forth below in this Stipulation and Settlement Agreement of Class Action Claims:

**Defined Terms.**

1.      "Action" means the action entitled *Andre Watson, on behalf of himself and all others similarly situated v. Raytheon Company*, Case No. 3-10 CV-00634 LAB (RBB) now pending in United States District Court, Southern District of California.

2.      "Administration Costs" means the actual and direct costs reasonably charged by the Settlement Administrator for its services in administering the Settlement, currently projected by the Parties not to exceed Twenty-Five Thousand Dollars ($25,000.00).

3.      "Authorized Claimant" means either: (a) a Settlement Class Member that is a former employee of Raytheon and who submits a timely and valid Claim Form to the Settlement Administrator; or (b) a Settlement Class Member that is a current Raytheon employee on the date of the mailing of the initial Class Notice and Claim Form who has not submitted a valid and timely request to be excluded from the Settlement.

4.      "Claim Form" means a proof of claim and release in substantially the form as Exhibit 2, attached hereto.

5.      "Claims Deadline" means the date sixty (60) days following the date on which the Settlement Administrator first mails Notice and Claim Forms to the Class Members.

6.      "Claims Period" means the period commencing on the date the Class Notice and Claim Forms are first mailed and ending sixty (60) days thereafter.

7.      "Class" means the aggregate group of Class Members.

8.      "Class Counsel" means Plaintiff's counsel, the law firms of Cohelan Khoury & Singer and Gaston & Gaston.

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-2-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

9.     "Class Members" (or "Members of the Class") means all persons employed by Defendant in California as Software Engineers I ("SE-01"), job code CE37, and Software Engineers II ("SE-02"), job code CE38, at any time during the Class Period.

10.     "Class Notice" (or "Notice") means the Court-approved form of notice to Class Members, substantially in the form as Exhibit 1, attached hereto, which will notify Class Members of the pertinent terms of the proposed Settlement, the conditional certification of the Settlement Class, Preliminary Approval of the Settlement, and scheduling of the Final Approval Hearing.

11.     "Class Period" means the period from May 29, 2004 through the date of the filing of the motion for preliminary approval of the Settlement of this Action.

12.     "Complaint" means the Class Action Complaint filed in the Action on May 29, 2008, in the Superior Court for the State of California, County of San Diego, Case No.  37-2008-00084769-CU-OE-CTL, amended by way of a First Amended Complaint filed November 23, 2009; the Action then removed on or about March 24, 2010 to the above-captioned Court.

13.     "Court" means the United States District Court, Southern District of California.

14.     "Defendant" or "Raytheon Company" means Defendant Raytheon Company.

15.     "Defendant's Counsel" means the law firm of DLA Piper LLP (US).

16.     "Effective Date" of the Settlement means sixty-five (65) days have passed after service of notice of entry of the Final Approval Order and Judgment on the Parties to the Action and all objectors to the Settlement, if any, without any appeals being taken, or if appeals or requests for review have been taken, by orders affirming said Final Approval Order and Judgment or denying review after exhaustion of all appellate remedies.

17.     "Exclusion Deadline Date" means the date sixty (60) days following the date on which the Settlement Administrator first mails the Notice and Claim Forms to the Class Members.

18.     "Fee and Expense Award" means such award of fees and expenses as the Court may authorize to be paid to Class Counsel for the services they have rendered and will render to Plaintiff and the Class in the Action.

19.   "Final Approval" means that the Order Granting Final Approval of Class Action Settlement and Judgment has been entered and the Court has made its final order awarding attorneys' fees and expenses.

20.   "Final Approval Hearing" means a hearing held before the Court to consider Final Approval of the Settlement, the amount of attorneys' fees and expenses that should be awarded to Class Counsel, and the merits of any objections to the Settlement Agreement and the Settlement set forth therein or any of its terms.

21.   "Enhancement Award" means such award as the Court may authorize to be paid to Plaintiff in recognition of his effort in obtaining the benefits of the Settlement for the Class.

22.   "Net Settlement Amount" means the amount remaining after Court-approved deductions for Fee and Expense Award, Enhancement Award, Administrator's Expense, and PAGA payment, for the payment of Settlement Awards to Authorized Claimants.

23.   "Objection/Deadline Date" means the date approximately ten (10) days following the filing of Class Counsel's motion for attorneys' fees and costs, claims administration expenses, and enhancement award.

24.   "PAGA Payment" means the sum of Twenty-Thousand Dollars ($20,000.00) which shall be allocated from the Settlement Fund to pay to the Labor and Workforce Development Agency all applicable penalties under the California Labor Code's Private Attorney General Act of 2004, as amended, California Labor Code sections 2699 *et. seq.* implicated or raised by the allegations in the First Amended Complaint.

25.   "Parties" means Plaintiff Andre Watson and Raytheon, and "Party" means either of said Parties.

26.   "Plaintiff" or "Named Plaintiff" means Plaintiff Andre Watson.

27.   "Preliminary Approval" means that the Court has entered an order substantially in the form attached hereto as Exhibit 3, preliminarily approving the terms and conditions of this Settlement Agreement and the manner of providing notice to Class Members.

28.   "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-4-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1   violation of any state or federal wage and hour law, whether for economic damages, non-

2   economic damages, restitution, penalties, or other monies arising out of, relating to, or in

3   connection with:

4       a.   Any facts, transactions, events, policies, occurrences, acts, disclosures,

5            statements, omissions or failures to act, which are or could be the basis of

6            claims that Defendant improperly classified Class Members as exempt,

7            failed to provide all overtime wages due, failed to provide timely or

8            accurate final paychecks, failed to provide meal or rest periods, failed to

9            keep records properly concerning time worked, and/or engaged in unfair

10           business practices, at any times on or before Preliminary Approval

11           (whether such claims are based on California or federal wage and hour law,

12           contract law, or other law); and/or

13      b.   Causes of action asserted in the Complaint.

14      c.   Released Claims do not include any claims for retaliation by Raytheon

15           arising out of participation in this litigation.

16   29.   "Released Parties" means Raytheon, its past or present officers, directors,

17   shareholders, employees, agents, principals, heirs, representatives, accountants, auditors,

18   consultants, insurers and reinsurers, and its and their respective successors and predecessors in

19   interest, subsidiaries, affiliates, parents and attorneys.

20   30.   "Settlement" means the terms and conditions set forth in this Stipulation and

21   Settlement Agreement.

22   31.   "Settlement Administrator" means Rust Consulting, Inc., or such other entity

23   which the Parties mutually agree shall serve as Settlement Administrator.

24   32.   "Settlement Award" means the amount that each Authorized Claimant is entitled

25   to receive from the Maximum Settlement Amount after deduction of Administration Costs, the

26   Fee and Expense Award, the Enhancement Award and the PAGA Payment.

27

28

DLA Piper LLP (US)
San Diego

WEST\22094087.6
406664-000008

-5-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

33.   "Settlement Class Members" (or "Settlement Class") means all Class Members who have not excluded themselves from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Class Notice.

34.   "Final Approval Order and Judgment" means the Order Granting Final Approval of Class Action Settlement and Judgment issued by the Court, in substantially the form attached hereto as Exhibit 4, approving the Final Approval Order and this Settlement Agreement as binding upon the Parties.

35.   "Stipulation" or "Settlement Agreement" means this Stipulation and Settlement Agreement of Class Action Claims.

36.   "Maximum Settlement Amount" means the non-reversionary common fund of Two Million Dollars ($2,000,000.00) that Defendant shall pay, as described in paragraph 49 below, in connection with this Settlement.

37.   "Unknown Claims" means any and all actions, suits, claims, demands, rights, liabilities and causes of action other than those specified in paragraph 28(c) above which the Named Plaintiff does not know of or suspect to exist in his favor, which, if known by him, might have affected his agreement to the Settlement.  With respect to Unknown Claims, as of Final Approval, the Named Plaintiff hereby expressly waives and relinquishes, to the fullest extent permitted by law, the benefits of Section 1542 of the California Civil Code, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor; as well as any and all provisions, rights, and benefits of any similar state or federal law.

**Procedural History and Litigation History.**

38.   The Action was originally filed by Plaintiff Andre Watson on May 29, 2008 in San Diego County Superior Court. A First Amended Complaint was filed on or about November 23, 2009, adding a Sixth Cause of Action for Violations of the Private Attorneys General Act of 2004, California Labor Code Section 2698, *et. seq.*   On or about March 24, 2010, Defendant removed the Action to the United States District Court for the Southern District, after which an

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-6-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

Early Neutral Evaluation (ENE) Conference was held on June 30, 2010 before the Hon. Magistrate Ruben B. Brooks.  With Magistrate Brook's assistance and facilitation at the Early Neutral Evaluation Conference, the Parties reached agreement on the principal terms of the Settlement of this Action set forth in this Settlement Agreement.

**Class Certification.**

39.    Prior to removal of the Action, following full briefing and oral argument by Counsel for the Parties, on January 29, 2010, the Hon. Steven R. Denton certified the class positions Software Engineer I ("SE-01") with designated job code CE37 and Software Engineer II ("SE-02") with designated job code CE38 for overtime, rest and meal period, inaccurate wage statements, failing to pay all wages when due, Unfair Business Practices (Business & Professions Code section 17200), and PAGA claims.

**Inadmissibility of Settlement Agreement.**

40.    Whether or not the Settlement is finally approved, neither the Settlement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

    a.    Construed as, offered or admitted into evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

    b.    Disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of settling this Action or enforcing the Released Claims contained herein pursuant to the terms of this Settlement Agreement.

**Investigation and Formal Discovery.**

41.    The Parties have conducted significant investigation and discovery of the facts and law both before and after the Action was filed.  Once litigation was commenced, both Plaintiff

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-7-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

and Defendant propounded to one another, form and special interrogatories, document requests, and requests for admissions.  Subject to a stipulated protective order, Defendant responded with production of nearly 5,000 pages of documents which included, *inter alia*, (1) Plaintiff's Personnel file, including performance summaries, promotion forms, evaluations, etc.; (2) job requisitions for SE-01/02 positions; (3) time sheets; (4) overtime policies; (5) portions of Defendant's Nonexempt and Exempt Classification Guide for Professional/Individual Contributors; (6) numerous employee emails; (7) multiple company policy and procedure manuals; (8) multiple company training and logistics manuals; (9) job descriptions for the SE-01/02 positions; and (10) various other policy and procedure manuals and documents.  Plaintiff Andre Watson's deposition was taken over the course of three full days.  Plaintiff took seven depositions of Defendant's persons most knowledgeable on topics of related to the Action, i.e., exemption status, classification of positions, software engineer tasks, duties and responsibilities, etc.  Furthermore, following the mailing of a privacy notice to the putative Class, and receipt of the contact information for those not opting out, Plaintiffs conducted interviews of potential witnesses and putative class members to obtain information about the claims asserted in the Action.

### Settlement Negotiations Conducted at ENE.

42.    With Magistrate Brook's assistance at the time of the June 30, 2010 Early Neutral Evaluation Conference, the Parties mediated a settlement as to the principal terms of the proposed Settlement with the balance of the terms memorialized in this Stipulation and Settlement Agreement negotiated at arm's length through the date this Stipulation and Settlement Agreement was signed.

### Benefits of Settlement to Class Members.

43.    Plaintiff has considered the expense and length of continued proceedings necessary to continue the Action against Defendant through trial and any possible appeals. Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation, including those involved with efforts to decertify the class.  Plaintiff is also aware of the burdens of proof necessary to establish liability

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-8-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

for the claims asserted in the Action, Defendant's defenses thereto, and the difficulties in establishing Plaintiff's damages.  Plaintiff also considered the settlement negotiations conducted by the Parties and the recommendations of the Magistrate.  Based on the foregoing, Plaintiff has determined that the Settlement set forth in this Settlement Agreement is fair, adequate and reasonable, and is in the best interests of the Settlement Class.

**Plaintiff's Claims.**

44.    Plaintiff has claimed and continues to claim that the Released Claims have merit and give rise to Defendant's liability.  Should this Settlement not be finally approved by the Court, neither this Settlement Agreement nor any documents referred to herein, nor any action taken to carry out this Settlement is, or may be construed as or may be used as, an admission by or against the Plaintiff as to the merits or lack thereof of the claims asserted by Plaintiff.

**Defendant's Denials of Wrongdoing.**

45.    Defendant contends that all of its employees have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to pay any wages or the classification of employees as exempt.  Defendant has denied and continues to deny each of the claims and contentions alleged by Plaintiff in the Action. Defendant denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, and believes that it has valid defenses to Plaintiff's claims.  Neither this Settlement Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement Agreement, may be construed as, or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this or any other case.

**Release As To All Settlement Class Members.**

46.    Plaintiff and all Settlement Class Members stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived and relinquished the Released Claims.

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-9-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

47.     The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with the Released Claims. The Settlement Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

48.     Plaintiff and all the Settlement Class Members shall be deemed to have acknowledged and agreed that their claims for wages and/or penalties in this Action are disputed, and that the payments set forth in this Agreement constitute payment of all sums allegedly due to them.  Plaintiff and all the Settlement Class Members shall be deemed to have acknowledged and agreed that California Labor Code Section 206.5 is not applicable to the Parties hereto.  That section provides in pertinent part as follows:

> No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made.

Each Settlement Class Member shall be deemed to have made the foregoing Release as if manually signing it.

**The Settlement Components.**

49.     The Settlement in this Action shall have five components: (1) the Settlement Awards payable to Authorized Claimants; (2) the Enhancement Award of $35,000; (3) the Fee and Expense Award, for attorneys' fees not to exceed 33-1/3% of the Maximum Settlement Amount, and Class Counsel's litigation and out-of-pocket expenses in prosecuting this Action estimated at $35,000; (4) the Administration Costs not to exceed $25,000.00; and (5) the PAGA Payment of $20,000.  The "Maximum Settlement Amount" Defendant shall pay under this Settlement is Two Million Dollars ($2,000,000.00), including all components described in this paragraph, subject to the following exception:  Defendant shall be responsible to pay the employer-sided share of taxes on the Settlement Awards, and such payments shall be in addition to the Settlement Awards, as set forth in Paragraph 62.

DLA Piper LLP (US)
San Diego

WEST\22094087.6
406664-000008

-10-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**Approval of Settlement and Settlement Implementation.**

50.     As part of this Settlement, the Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement and notifying Class Members:

a.     Preliminary Settlement Hearing.   Class Counsel shall request a hearing before the Court to seek Preliminary Approval of the Settlement on the earliest practical date.   In conjunction with such hearing, Class Counsel shall submit this Settlement Agreement, together with the exhibits attached hereto, and any other documents necessary to implement the Settlement. Class Counsel shall request the Court enter a Preliminary Approval Order, substantially in the form of Exhibit 3 attached hereto, preliminarily approving the proposed Settlement, approving the Class Notice and manner of dissemination, and setting a date for the Final Approval Hearing.   The Preliminary Approval Order shall provide for notice of the Settlement and related matters to be sent to the Class Members as specified herein.   Class Counsel shall submit the preliminary approval papers to Defendant's Counsel for their review no less than five (5) business days prior to filing such papers with the Court.

b.     Information Regarding Class.     Within fourteen (14) days following Preliminary Approval, Defendant shall provide Class Counsel and the Settlement Administrator the following information with respect to each Class Member: name, most current mailing address indicated in Defendant's records, their Class position(s), their dates of employment, whether they are currently employed, and the number of weeks worked as a Class Member SE-01 and SE-02 during the Class Period.   Defendant will also provide the Settlement Administrator with each Class Member's social security number and telephone number contained in Defendant's personnel records.     The Settlement Administrator shall undertake all customary procedures, such as a National Change of Address search through the U.S.

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-11-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1           Post Office, and skip-traces, to assure itself that it has the current addresses

2           of the Class Members before the initial mailing the Notice Packets to the

3           Class.

4        c.   <u>Settlement Administrator</u>.   The Settlement Administrator shall be

5           responsible for (i) printing and mailing to the Class Members the Claim

6           Form and Class Notice attached hereto as Exhibits 1 and 2 as directed by

7           the Court; (ii) establishing a toll-free 800-number to respond to inquiries

8           from Class Members about the Settlement; (iii) receiving and reviewing the

9           Claim Forms submitted by Class Members to determine eligibility for a

10          Settlement Award of Settlement Class Members; (iv) consulting with

11          Counsel for Plaintiff and Defendant concerning the time worked by Class

12          Members and amounts of any Settlement Awards to be paid to Settlement

13          Class Members; (v) resolving disputed claims; (vi) keeping track of opt

14          outs; and (vii) distributing such Settlement Awards, Enhancement Award,

15          the Fee and Expense Award, and PAGA Payment as may be ordered by the

16          Court; (viii) tax reporting on Settlement Awards, together with such other

17          tasks as the Parties mutually agree or the Court orders the Settlement

18          Administrator to perform.   The Parties all represent they do not have any

19          financial interest in the Settlement Administrator or otherwise have a

20          relationship with the Settlement Administrator that could create a conflict

21          of interest.

22  **<u>Class Notice.</u>**

23      51.   The Parties agree to the following procedures for giving notice of this Settlement

24  to the Class:

25       a.   <u>Notice to Class Members</u>.   Within thirty (30) days following Preliminary

26          Approval, the Settlement Administrator shall mail the form of Class Notice

27          and Claim Form approved by the Court, together with a postage pre-paid

28          return envelope ("Notice Packet") to all persons who are shown by

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-12-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

Defendant's records to be members of the Class via First Class regular U.S. mail, using the most current mailing address from Defendant's records or any more current address discovered from the address searches.  The Claim Form shall include instructions on how to submit the Claim Form, and shall notify Class Members that are former Raytheon employees that the Claim Form must be completed, signed and postmarked no later than the Claims Deadline for a Class Member to be eligible to receive any Settlement Award.  The Claim Form shall instruct Class Members that are current Raytheon employees at the time the Notice Packet is mailed that they will be automatically treated as Authorized Claimants who have filed timely and valid claims, unless they return a valid and timely request for exclusion.

b.   Any Notice Packets returned to the Settlement Administrator shall be immediately reviewed by the Settlement Administrator to determine whether the Class Member is a Current Raytheon employee Class Member.  If found to be so, the Settlement Administrator will immediately confer with Defendant, through Defense Counsel, to elicit an updated and accurate address to which the Notice Packet shall be remailed.  Defendant will fully cooperate with the Settlement Administrator in order to forward the Notice Packet without further delay to the Current Raytheon employee Class Member.  If efforts to obtain an updated address from Defendant cannot be accomplished, for instance, due to a leave of absence, the Settlement Administrator shall utilize skip tracing methods to locate an updated address and shall promptly remail the Notice Packet.

c.   For Notice Packets mailed to a Former Raytheon employee Class Member, any Notice Packets returned to the Settlement Administrator with a forwarding address, shall be re-mailed by the Settlement Administrator immediately and within three (3) business days following receipt of the

DLA Piper LLP (US)
San Diego

WEST\22094087.6
406664-000008

-13-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

returned mail.  For any Notice Packets returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall conduct address searches using skip tracing methods, and shall promptly re-mail the Notice Packets to the newly-found addresses.  In the event that an intended recipient of a Class Notice does not receive the Notice Packet, the intended recipient shall nevertheless remain a Settlement Class Member, but any former Raytheon employees will not be considered an Authorized Claimant, unless he or she timely files a Claim Form as provided in this Settlement Agreement.  The Notice Packet to be sent to Class Members at a forwarding address provided by the post office or obtained by the Settlement Administrator using skip tracing methods as discussed in this paragraph shall be identical to the original Claim Form except that it shall notify the Class Members that the Claim Form must be returned by first class mail and postmarked within seven (7) days after the Claims Deadline.

d.      The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member has timely returned his/her Claim Form on or before the Claims Deadline.  In the event that the postmark is illegible, the Claim Form shall be deemed untimely unless it is received within fourteen (14) days after the Claims Deadline.  Subject to the provisions of paragraph 72 below, or unless otherwise agreed by the Parties, Claim Forms that are not timely mailed or received shall be disregarded.  However, Claim Forms received after the Claims Deadline, may be accepted following review by the Parties for hardship, military service, incapacity, etc., which may have prevented the timely submission of the Claim Form.

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-14-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**Procedure for Objecting To or Requesting Exclusion From the Settlement.**

52.     Class Members who wish to object to the Settlement or to be excluded from the Settlement Class shall submit objections and/or requests for exclusion from the Settlement Class, using the following procedures:

a.     <u>Procedure for Objecting</u>.     The Class Notice shall provide that only Settlement Class Members may object to the Settlement and that Settlement Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement.  Such written statements and all supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than _____, 2010, the Objection Deadline Date [ten (10) days following the filing of Class Counsel's motion for attorneys' fees and costs, enhancement payment, and claims administration expenses.]  No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless the written statement of objections and supporting materials are timely filed and served as set forth herein.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

b.     <u>Procedure for Requesting Exclusion</u>.  The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must submit to the Settlement Administrator a written statement requesting exclusion from the Class (also referred to herein as "opt out") no later than the Exclusion Deadline.  Such written request for exclusion must contain

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-15-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1        the name, address, and telephone number of the person requesting

2        exclusion, must be returned by certified mail to the Settlement

3        Administrator at a specified address, and must be postmarked on or before

4        the Exclusion Deadline.  Any Class Member who properly opts out of the

5        Class using this procedure will not be entitled to any payment from the

6        Settlement and will not be bound by the Settlement or have any right to

7        object, appeal or comment thereon.  Class Members who fail to submit a

8        valid and timely request for exclusion on or before the Exclusion Deadline

9        Date shall be bound by all terms of the Settlement and any Judgment

10        entered in this Action if the Settlement is approved by the Court, regardless

11        of whether they ineffectively or untimely request exclusion from the

12        Settlement.

13  No later than seven (7) days before the Final Approval Hearing, the Settlement Administrator

14  shall provide to Class Counsel and Defendant's Counsel a complete list of all Class Members

15  who have timely requested exclusion from the Class.  If the total number of Class Members who

16  request exclusion from the Class is more than five (5) percent of the Class Members, Defendant

17  will have the option at its discretion of rejecting the Settlement in its entirety.

18        **Reminder Letter to the Class Members**

19      53.    No later than fourteen (14) days prior to the Claims Deadline, the Settlement

20  Administrator shall send a letter drafted by Class Counsel and approved by Defendant's Counsel

21  in the form attached hereto as Exhibit 5 to all Class Members who are former Raytheon

22  employees and who have not submitted a Claim Form.  The letter shall remind the former Class

23  Members of the deadline to submit a Claim Form, the amount of their anticipated Settlement

24  Award if they choose to submit a Claim Form, and that Defendant will not retaliate against any

25  Class Member who chooses to make a claim.

26        **No Solicitation of Settlement Objections or Exclusions.**

27      54.    The Parties agree to use their best efforts to carry out the terms of this Settlement.

28  At no time shall any of the Parties or their counsel or agents (or the Settlement Administrator)

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-16-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1    discourage Class Members to make a claim under this Settlement.  Nor shall the Parties or their

2    counsel seek to solicit or otherwise encourage Class Members to submit written objections to the

3    Settlement or requests for exclusion from the Class, or encourage Class Members to appeal from

4    the Court's Final Judgment.

5                    **Reasonable Allocation of the Settlement Awards.**

6            55.    The Settlement Administrator shall have the authority and obligation to calculate

7    the amounts of Settlement Awards in accordance with the methodology set forth in this

8    Settlement Agreement and orders of the Court.  The Parties recognize and agree that the claims

9    for compensation in this litigation are extremely difficult to determine with any certainty for any

10   given year, or at all, and are subject to myriad differing calculations and formulas.  The Parties

11   agree that the formula for allocating the Settlement Awards to Settlement Class Members

12   provided herein is reasonable and that the payments provided herein are designed to provide a

13   fair settlement to such persons, in light of the uncertainties of the compensation alleged to be

14   owed to the Settlement Class and the calculation of such amounts for overtime, failed rest and/or

15   meal periods, inaccurate wages statements, and failure to pay all wages when due.  The Parties

16   agree that allocation of a higher recovery ratio for SE-01 Work Weeks is reasonable in light of

17   the potentially stronger claims of the lower level SE-01 Class Members.   The Parties have

18   agreed that the Settlement Awards will be calculated on the basis of the number of weeks

19   worked for each Settlement Class Member during the Class Period as reflected by Defendant's

20   corporate and business records, exclusive of leaves of absence ("Work Weeks").

21                    **Calculation of Settlement Awards.**

22           56.    The Maximum Settlement Amount shall be comprised of two sub-funds: (i) "SE-

23   01 Sub-Fund" in the total amount of $1,175,178.70; and (ii) "SE-02 Sub-Fund" in the total

24   amount of $824,821.30.    SE-01 Sub-Fund Class Members shall be Class Members who were

25   employed during the Class Period at the SE-01 level.  SE-02 Sub-Fund Class Members shall be

26   Class Members who were employed during the Class Period at the SE-02 level.  Depending on

27   their work histories, some Settlement Class Members may be entitled to payment from both Sub-

28   Funds.

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-17-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

a.    The Settlement Administrator shall add together all the SE-01 Sub-Fund Class Members' total Work Weeks worked during the Class Period to arrive at "SE-01 Sub-Fund Total Work Weeks" for SE-01 Sub-Fund Class Members which have been estimated to be 12,593 as of August 6, 2010. The Settlement Administrator shall then divide each SE-01 Sub-Fund Class Member's total Work Weeks worked by the SE-01 Sub-Fund Total Work Weeks, in order to determine a "Percentage Share" of the SE-01 Sub-Fund Total Work Weeks for each SE-01 Sub-Fund Class Member.  Each Authorized Claimant shall be entitled to receive a Settlement Award equal to his or her Percentage Share of the SE-01 Sub-Fund Total Work Weeks multiplied by the portion of SE-01 Sub-Fund remaining after payment of all Court-approved deductions.

b.    The Settlement Administrator shall add together all the SE-02 Sub-Fund Class Members' total Work Weeks worked during the Class Period to arrive at "SE-02 Sub-Fund Total Work Weeks" for SE-02 Sub-Fund Class Members which have been estimated to be 30,268 as of August 6, 2010. The Settlement Administrator shall then divide each SE-02 Sub-Fund Class Member's total Work Weeks worked by the SE-02 Sub-Fund Total Work Weeks, in order to determine a "Percentage Share" of the SE-02 Sub-Fund Total Work Weeks for each SE-02 Sub-Fund Class Member.  Each Authorized Claimant shall be entitled to receive a Settlement Award equal to his or her Percentage Share of the SE-02 Sub-Fund Total Work Weeks multiplied by the portion of SE-02 Sub-Fund remaining after payment of all Court-approved deductions.

c.    Weekly Pay Rates. To account for the potentially stronger claims of those employed in the lower position of SE-01, the Parties have agreed to a distribution formula which weights in favor of the SE-01.  Accordingly, those employed as a SE-01 shall receive an estimated $56.85, less taxes,

DLA PIPER LLP (US)
SAN DIEGO
WEST\22094087.6
406664-000008
-18-
CASE NO. 10-cv-00634-LAB-RBB
STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

for each week worked during the Class Period while those employed as a SE-02 shall receive an estimated $16.59, less taxes, for each week worked during the Class Period.  These pay rates are subject to change pending final Work Week count through the date of preliminary approval.

57.    Defendant has represented that through August 6, 2010, Settlement Class Members employed in the SE-01 have worked a total 12,593 weeks, while those employed in the SE-02 positions have worked a total of 30,268 weeks.

58.    The Parties agree that, for purposes of this Settlement, 50% of each Settlement Class Member's Settlement Award shall be deemed wages for which payroll deductions will be made from such Settlement Class Member's Settlement Award for state and federal withholding taxes or any other applicable payroll deductions, and shall be reported on IRS Form W-2.  The Parties further agree that the other 50% of each such Settlement Award represents the payment of penalties and interest and shall be reported on IRS Form 1099.  W-2 and 1099 forms shall be provided to each respective Settlement Class Member, the Named Plaintiff and applicable governmental authorities.

59.    Each Authorized Claimant will be responsible for paying all applicable state, local, and federal income taxes on all amounts the Authorized Claimant receives pursuant to this Settlement Agreement.  Each Authorized Claimant shall cooperate with Defendant and provide documentation as requested to demonstrate such payment should any taxing authority challenge the allocation of Settlement Awards.

**Taxes.**

60.    It shall be the responsibility of the Settlement Administrator to timely and properly withhold from Settlement Awards payable to Authorized Claimants all applicable federal, state and local income and employment taxes and to prepare and deliver the necessary tax documentation for signature by all necessary parties and, thereafter, to cause the appropriate deposits of withholding taxes and informational and other tax return filing to occur.  Payments to Authorized Claimants and to Class Counsel pursuant to this Settlement Agreement shall be reported on IRS Forms W-2 or 1099, and provided to the respective Authorized Claimants, Class

DLA PIPER LLP (US)
SAN DIEGO
WEST\22094087.6
406664-000008
-19-
CASE NO. 10-cv-00634-LAB-RBB
STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1   Counsel and applicable governmental authorities as required by law.   Each Authorized

2   Claimant's share of all applicable federal, state and local income and employment taxes withheld

3   and deposited with the applicable governmental authorities in accordance with this Settlement

4   Agreement shall be a part of, and paid out of, the Settlement Award to each Authorized

5   Claimant.

6        61.    All reasonable and direct expenses and costs incurred by, or at the direction of, the

7   Settlement Administrator in connection with the operation and implementation of this Settlement

8   Agreement (including, without limitation, expenses of tax attorneys and/or accountants and

9   mailing and distribution costs and expenses relating to filing (or failing to file) the informational

10   and other tax returns described above) shall be treated as, and considered to be, a cost of

11   administration of the Settlement and part of the Administration Costs.

12        **Employer's Share of Statutory FICA, FUTA and California Withholdings.**

13        62.    In addition to the Maximum Settlement Amount,  Defendant shall be responsible

14   for its "employer-sided share" of all statutory FICA, FUTA and California payroll and

15   withholding taxes arising from any payments to Authorized Claimants.  Such amounts will be

16   computed by the Settlement Administrator based on the amounts paid to the Authorized

17   Claimants, and Defendant will pay and provide to the Settlement Administrator all amounts

18   needed to pay the employer's share of such taxes.  The Settlement Administrator shall then be

19   responsible for making all necessary payments and filings in connection with such payments.

20        **Fee and Expense Award.**

21        63.    The Fee and Expense Award will be paid within fifteen (15) days of the Effective

22   Date.  Payment of the Fee and Expense Award to Class Counsel shall constitute full satisfaction

23   of any obligation to pay any amounts to any person, attorney or law firm for attorneys' fees,

24   expenses or costs in the Action incurred by any attorney on behalf of Plaintiff or the Settlement

25   Class, and shall relieve Defendant and Defendant's Counsel of any other claims or liability to

26   any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of

27   them may claim to be entitled on behalf of Plaintiff and/or the Settlement Class.  Defendant will

28   not object to Class Counsel's application for the Fee and Expense Award. Upon receipt of the

Fee and Expense Award, Class Counsel, Plaintiff and the Settlement Class will be deemed to have released Defendant from any and all claims for fees and costs resulting from the Action.

### Enhancement Award.

64.     Class Counsel also intends to request that the Court approve an Enhancement Award of $35,000 for Plaintiff Andre Watson.   The Enhancement Award paid under this Settlement Agreement shall be reported on IRS Form 1099 by the Settlement Administrator and provided to Plaintiff and applicable governmental authorities.   Defendant will not object to Class Counsel's request set forth in this paragraph.   The Enhancement Award will be paid within fifteen (15) days of the Effective Date.

65.     The Enhancement Award is paid in exchange for a release by Plaintiff of all Released Parties for all claims, demands, rights, liabilities, and causes of action, including without limitation the Released Claims and Unknown Claims, whether for economic damages, non-economic damages, punitive damages, restitution, tort, contract, penalties, injunctive or declaratory relief, attorneys fees, costs, or other monies or remedies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of any claim that Defendant acted in any manner that was unlawful.   This release includes all federal and state statutory claims, and federal and state common law claims (including but not limited to those for contract, tort, and equity), including, without limitation, the Americans with Disabilities Act, Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §1981, 42 U.S.C. § 1983, the Fair Labor Standards Act, the Employee Retirement Security Income Act of 1974, the California Constitution, the California Fair Employment and Housing Act, the California Unfair Competition Act (California Business and Professions Code section 17200 et seq.), the California Labor Code, including section 132a claims, and claims for additional compensation relating to stock options.   The Enhancement Award shall be paid to Plaintiff specifically in exchange for the release of the Released Parties from the Released Claims and Unknown Claims and for the covenant not to sue concerning the Released Claims and Unknown Claims.   This release by the Plaintiff shall be effective upon the Effective Date.

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-21-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1

**PAGA Payment.**

2      66.      Twenty Thousand Dollars ($20,000.00) shall be allocated to pay all applicable

3   penalties under California Labor Code's Private Attorneys General Act of 2004, as amended,

4   California Labor Code sections 2699, 2699.3, and 2699.5 implicated or raised by the allegations

5   in the First Amended Complaint.  Within fifteen (15) days of the Effective Date, the Settlement

6   Administrator shall pay the PAGA Payment to the California Labor and Workforce

7   Development Agency in satisfaction of all amounts payable under the PAGA.

8

**Questions and Disputes.**

9      67.      In the event that questions or disputes arise regarding the entitlement of any

10   Plaintiff or Class Member under this Settlement Agreement, Defendant shall provide to Class

11   Counsel and the Settlement Administrator all available information reasonably necessary in

12   order to resolve that issue.  Such information shall be provided in either electronic form or hard

13   copy, as the Settlement Administrator may reasonably request.

14

**Defendant's Legal Fees and Funding of the Settlement.**

15      68.      All of Defendant's own legal fees, costs and expenses incurred in the Action shall

16   be borne by Defendant.

17      69.      No later than the Effective Date, Defendant will provide to the Settlement

18   Administrator the funds necessary to pay all amounts to be distributed as Settlement Awards, the

19   Enhancement Award, the Fee and Expense Award, the Administration Costs,   the PAGA

20   Payment, and any resulting tax obligations of Defendant .

21

**Final Settlement Approval Hearing and Entry of Final Approval Order and**

22   **Judgment.**

23      70.      The Parties will ask the Court to conduct a Final Approval Hearing to determine

24   Final Approval of the Settlement.  Upon Final Approval of the Settlement by the Court at or

25   after such hearing, the Parties shall present the Final Approval Order and Judgment to the Court

26   for its approval and entry.

27

28

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-22-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**Procedure for Payment of Settlement Awards.**

71.     After the Effective Date, and solely for purposes of this Settlement Agreement, the Settlement Awards shall be distributed in accordance with the following eligibility requirements:

a.      Class Members who submit valid and timely requests for exclusion pursuant to the Class Notice are not entitled to any Settlement Award and will not be bound by terms of the Settlement and any Final Approval Order and Judgment entered by the Court.

b.      Class Members who are current Raytheon employees and who do not exclude themselves from the Class shall be deemed to be Authorized Claimants and shall receive a Settlement Award without the return of a Claim Form.

c.      Class Members who are former Raytheon employees, who do not exclude themselves from the Class, and who submit valid and timely Claim Forms shall be deemed to be Authorized Claimants and shall receive a Settlement Award.

d.      Class Members who are former Raytheon employees, who do not exclude themselves from the Class, and who fail to submit valid and timely Claim Forms shall not be deemed to be Authorized Claimants and shall not receive a Settlement Award, although they will be bound by all terms of the Settlement and any Final Approval Order and Judgment entered by the Court.

72.     For purposes of this Settlement Agreement, a Claim Form shall be deemed valid only if: (i) the Claim Form contains the Settlement Class Member's name, and last four digits of his or her social security number; (ii) the Settlement Class Member has dated and signed the Claim Form; and (iii) the name and last four digits of the social security number provided by the Settlement Class Member on the Claim Form matches Defendant's records.  If the Settlement Administrator receives a Claim Form on or before the Claims Deadline but the Claim Form is defective as to any of these three requirements, then immediately or within three (3) days of its

DLA PIPER LLP (US)
SAN DIEGO
WEST\22094087.6
406664-000008
-23-
CASE NO. 10-cv-00634-LAB-RBB
STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

receipt of the defective Claims Form, the Settlement Administrator shall notify the Settlement Class Member of the defects and advise the Settlement Class Member that the Claim Form is defective and that a corrected Claim Form must be received by the Settlement Administrator by fourteen (14) days after the date of mailing the notice of the defect.

73.     Class Counsel shall have the right to request that the Court excuse the late submission of any Claim Form by any Settlement Class Member for good cause shown, as long as the Settlement Administrator has received such Claim Form prior to the Final Approval Hearing.

74.     The name and last four digits of the social security number provided by the Settlement Class Member will be deemed to match Defendant's records only if:  (i) both the first and last name and the last four digits of the social security number provided by the Settlement Class Member match Defendant's records; or (ii) the first name and the last four digits of the social security number provided by the Settlement Class Member match Defendant's records and it appears the last name has been legally changed as a result of a change in marital status or the order of a court.  The parties will engage in good faith attempts to resolve any questions regarding such matters.  In the event of an irreconcilable conflict between the information provided on a Claim Form and information in Defendant's records, Defendant's records shall be determinative.

75.     The Settlement Administrator shall mail the Settlement Awards checks to each Authorized Claimant within fifteen (15) days of the Effective Date but in no event shall any payment be made prior to the Effective Date.  The Settlement Administrator's determination of eligibility for any Settlement Awards under the terms of this Settlement Agreement shall be conclusive, final and binding on all Parties and all Settlement Class Members.

76.     If any Authorized Claimant has not cashed his or her Settlement Award check within ninety (90) days of issuance, the Settlement Administrator shall mail that Authorized Claimant a letter reminding the Authorized Claimant of the deadline to cash such check and providing information as to how to obtain a reissued check in the event the check was lost, stolen or misplaced.  Any checks paid to Authorized Claimants shall remain valid and negotiable for

DLA Piper LLP (US)
San Diego

WEST\22094087.6
406664-000008

-24-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Authorized Claimants within that time, and the funds represented by such check shall be forwarded to the State of California Controller, Unclaimed Property Division, for further handling on behalf of the Authorized Claimant.   Administration of the Settlement shall be completed no later than two hundred seventy (270) days after the Effective Date.   Upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to the Court, Class Counsel and Defendant's Counsel.

77.    No person shall have any claim against Defendant, Defendant's Counsel, Plaintiff, the Settlement Class, Class Counsel or the Settlement Administrator based on mailings, distributions and payments made in accordance with this Settlement Agreement.

**Administration Costs.**

78.    The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.   In no event will any additional costs of the Settlement Administration process require Defendant to increase payment of the Maximum Settlement Amount, or any components thereunder.

**Nullification of Settlement Agreement.**

79.    In the event of any of the following: (i) the Court does not enter any order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter the Final Approval Order and Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, including the opt-out of 5% or more of Settlement Class Members and Defendant's rejection of the Settlement on that basis, this Settlement Agreement shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Parties.   In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this

DLA PIPER LLP (US)
SAN DIEGO
WEST\22094087.6
406664-000008
-25-
CASE NO. 10-cv-00634-LAB-RBB
STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1   Settlement Agreement had not been executed.  In the event an appeal is filed from the Final

2   Approval Order and Judgment, or any other appellate review is sought prior to the Effective

3   Date, administration of the Settlement shall be stayed pending final resolution of the appeal or

4   other appellate review.

5   <u>**Notification and Certification By Settlement Administrator.**</u>

6   80.   The Settlement Administrator shall keep Defendant's Counsel and Class Counsel

7   apprised of the status of the claims administration process and its distributions of Settlement

8   Awards.

9   <u>**No Effect on Employee Benefits.**</u>

10   81.   The Settlement Awards paid to Settlement Class Members and the Enhancement

11   Award paid to Plaintiff shall be deemed not to be "pensionable" earnings and shall not have any

12   effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.* vacation,

13   sabbatical, holiday pay, retirement plans, etc.) of Settlement Class Members or Plaintiff.  The

14   Parties agree that any Settlement Awards or Enhancement Award paid to Settlement Class

15   Members under the terms of this Settlement Agreement do not represent any modification of

16   Settlement Class Members' previously credited hours of service or other eligibility criteria under

17   any employee pension benefit plan, employee welfare benefit plan, or any other plan or program,

18   including but not limited to sabbatical, sponsored by Defendant.  Further, any Settlement

19   Awards or Enhancement Award paid hereunder shall not be considered "compensation" in any

20   year for purposes of determining eligibility for, or benefit accrual within, an employee pension

21   benefit plan, employee welfare benefit plan, or any other plan or program sponsored by

22   Defendant.

23   <u>**Privacy of Documents and Information.**</u>

24   82.   Plaintiff and Class Counsel agree that they will destroy all confidential documents

25   and information provided to them by Defendant within thirty (30) days of the Effective Date,

26   and that none of the documents and information provided to them by Defendant shall be used for

27   any purpose other than prosecution of this Action.

28

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-26-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**Exhibits and Headings.**

83.     The terms of this Settlement Agreement include the terms set forth herein and attached Exhibits 1-5, which are incorporated by this reference as though fully set forth herein. Any exhibits to this Settlement Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement.

**Interim Stay of Proceedings.**

84.     The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

**Amendment or Modification.**

85.     This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

**Entire Agreement.**

86.     This Settlement Agreement and the attached exhibits constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Settlement Agreement.

**Authorization to Enter Into Settlement Agreement.**

87.     Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel agree to cooperate with each

DLA Piper LLP (US)
San Diego

WEST\22094087.6
406664-000008

-27-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

other and to use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Settlement, the Parties shall seek the assistance of the Court to resolve such disagreement.

**Binding on Successors and Assigns.**

88.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, beneficiaries, successors or assigns of the Parties hereto, as previously defined.

**California Law Governs.**

89.     All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California, regardless of its conflict of laws.

**Counterparts.**

90.     This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

**Cooperation and Drafting.**

91.     Each of the parties has cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of this Settlement Agreement shall not be construed against any of the Parties.

**Jurisdiction of the Court.**

92.     The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

DLA Piper LLP (US)
San Diego

WEST\22094087.6
406664-000008

-28-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1    **Invalidity of Any Provision.**

2          93.    The Parties request that before declaring any provision of this Settlement

3    Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest

4    extent possible consistent with applicable precedents.

5    /////

6    /////

7    /////

8    /////

9    /////

10    /////

11    /////

12    /////

13    /////

14    /////

15    /////

16    /////

17    /////

18    /////

19    /////

20    /////

21    /////

22    /////

23    /////

24    /////

25    /////

26    /////

27    /////

28    /////

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-29-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**Plaintiff's Waiver of Right to be Excluded and Object.**

94.    By signing this Settlement Agreement, Plaintiff agrees to be bound by the terms herein and further agrees not to request to be excluded from the Settlement Class and agrees not to object to any of the terms of this Settlement Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Dated: *September 19th*, 2010

**NAMED PLAINTIFF**

By _____
      ANDRE WATSON

Dated: _____, 2010

**CLASS COUNSEL**

COHELAN KHOURY & SINGER
GASTON & GASTON

By _____
      DIANA M. KHOURY
      J. JASON HILL
      Attorneys for Plaintiff ANDRE WATSON

Dated: _____, 2010

**DEFENDANT**

RAYTHEON COMPANY

By _____
      [Name]:
      [Title]:

Dated: _____, 2010

**DEFENDANT'S COUNSEL**

DLA PIPER LLP (US)

By _____
      MERRILL F. STORMS, JR.
      JOHN E. FITZSIMMONS
      AMY E. BECKSTEAD
      Attorneys for Defendant
      RAYTHEON COMPANY

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-30-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

**Plaintiff's Waiver of Right to be Excluded and Object.**

94.   By signing this Settlement Agreement, Plaintiff agrees to be bound by the terms herein and further agrees not to request to be excluded from the Settlement Class and agrees not to object to any of the terms of this Settlement Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Dated: _____, 2010

**NAMED PLAINTIFF**

By_____
    ANDRE WATSON

Dated: *October 5th*, 2010

**CLASS COUNSEL**

COHELAN KHOURY & SINGER
GASTON & GASTON

By_____
    DIANA M. KHOURY
    J. JASON HILL
    Attorneys for Plaintiff ANDRE WATSON

Dated: _____, 2010

**DEFENDANT**

RAYTHEON COMPANY

By_____
    [Name]:
    [Title]:

Dated: _____, 2010

**DEFENDANT'S COUNSEL**

DLA PIPER LLP (US)

By_____
    MERRILL F. STORMS, JR.
    JOHN E. FITZSIMMONS
    AMY E. BECKSTEAD
    Attorneys for Defendant
    RAYTHEON COMPANY

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-30-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS

1

**Plaintiff's Waiver of Right to be Excluded and Object.**

2       94.     By signing this Settlement Agreement, Plaintiff agrees to be bound by the terms

3   herein and further agrees not to request to be excluded from the Settlement Class and agrees not

4   to object to any of the terms of this Settlement Agreement.  Any such request for exclusion or

5   objection shall therefore be void and of no force or effect.

6   Dated: _____, 2010

7                                               **NAMED PLAINTIFF**

8                                               By_____
                                                   ANDRE WATSON
9   Dated: _____, 2010

10                                              **CLASS COUNSEL**

11                                              COHELAN KHOURY & SINGER
                                                GASTON & GASTON
12

13                                              By _____
                                                   DIANA M. KHOURY
14                                                 J. JASON HILL
                                                   Attorneys for Plaintiff ANDRE WATSON
15  Dated: *October 6* , 2010

16                                              **DEFENDANT**

17                                              RAYTHEON COMPANY

18                                              By _____
19                                                 GERARD F. GASPERINI
                                                   Vice President-Legal, Labor and Employment
20  Dated: *October 6* , 2010

21                                              **DEFENDANT'S COUNSEL**

22                                              DLA PIPER LLP (US)

23                                              By _____
24                                                 MERRILL F. STORMS, JR.
                                                   JOHN E. FITZSIMMONS
25                                                 AMY E. BECKSTEAD
                                                   Attorneys for Defendant
26                                                 RAYTHEON COMPANY

27

28

1

## LIST OF EXHIBITS

2    1.    Notice of Class Action Settlement and Settlement Hearing ("Notice")

3    2.    Claim Form

4    3.    Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval

5          Order")

6    4.    Proposed Order Granting Final Approval to Class Action Settlement and Judgment ("Final

7          Approval Order and Judgment")

8    5.    Reminder Letter to Class Members

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
SAN DIEGO

WEST\22094087.6
406664-000008

-31-

CASE NO. 10-cv-00634-LAB-RBB

STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS