# EXHIBIT 1

NOTICE OF CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

*Watson v. Raytheon Company*
**U.S.D.C. Case No. 10CV0634 LAB (RBB)**

**Declaration of Timothy D. Cohelan in Support of Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, And Setting of Final Fairness Hearing**

**IMPORTANT LEGAL NOTICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WATSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 3-10-CV-00634 LAB (RBB)<br><br>**NOTICE OF CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING** |

**TO: ALL PERSONS EMPLOYED BY RAYTHEON COMPANY IN CALIFORNIA AS A SOFTWARE ENGINEER I ("SE-01") AND/OR A SOFTWARE ENGINEER II ("SE-02"), JOB CODES CE37 AND CE38, RESPECTIVELY, AT ANY TIME DURING THE PERIOD FROM MAY 29, 2004 THROUGH _____, 2010**

**THIS NOTICE AFFECTS YOUR RIGHTS.
PLEASE READ IT CAREFULLY.**

1.   YOU ARE HEREBY NOTIFIED that a proposed settlement ("the Settlement") of the above-captioned class action ("the Action") pending in the United States District Court for the Southern District of California has been reached by the Parties and has been granted Preliminary Approval by the Court supervising the Action. The proposed Settlement will resolve all claims in this Action. The United States District Court for the Southern District has ordered that this Class Notice be sent to you because you have been identified as a Class Member. The purpose of this Class Notice is to inform you of the Settlement of this class action and your legal rights under the Settlement.

2.   **If you are a <u>FORMER</u> Raytheon employee Class Member and wish to participate in the Settlement to receive your monetary share of the Settlement, you must file the enclosed Claim Form postmarked on or before _____, 2010. If you fail to file a timely Claim Form, you will receive nothing under the Settlement, but you will be bound by its terms, as is more particularly set forth below.**

3.   **If you are a <u>CURRENT</u> Raytheon employee Class Member, you do not need to file a Claim Form to participate in the Settlement. You will**

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010
WEST\22094085.6
406664-000008

**receive your proportional monetary share of the Settlement automatically provided you do not request exclusion from the Class in the manner more particularly set forth below.**

4. The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at __:00 a.m. on _____, 2010 in Courtroom 9 of the above-referenced Court located at 940 Front Street, 2nd Floor, San Diego, California 92101. You are not required to attend the Hearing.

## SUMMARY OF LITIGATION

5. On May 29, 2008, a complaint was filed by Andre Watson ("Plaintiff" or "Named Plaintiff") on behalf of himself and all others similarly situated against Raytheon Company ("Raytheon") in the Superior Court of California for the County of San Diego. Plaintiff filed a First Amended Complaint on or about November 23, 2009. The Action alleges, among other things, that all persons employed by Defendant in California as a Software Engineer I ("SE-01"), job code CE37, and a Software Engineer II ("SE-02"), job code CE38, at any time during the period from May 29, 2004 through _____ 2010 (collectively "Class Members" or the "Class") were misclassified as exempt employees and are owed compensation for unpaid overtime and failed meal and rest breaks, inaccurate wage statements, and failure to pay all wages on termination. The Action also alleged claims for violations of the Private Attorneys General Act of 2004, California Labor Code Section 2698, *et seq.* The lawsuit seeks damages for unpaid wages, interest, penalties, attorneys' fees and costs.

6. The Action includes claims under California Business and Professions Code Section 17200 *et seq*.

7. After extensive discovery was conducted, and after a fully briefed motion was heard by the Court, on January 29, 2010, the Class was certified.

8. On or about March 24, 2010, the Action was removed to the United States District Court for the Southern District of California.

9. Upon removal, the Action was scheduled for an Early Neutral Evaluation on June 30, 2010. At the Early Neutral Evaluation Conference, after extensive discussions and negotiations, Magistrate Ruben B. Brooks mediated a settlement of Plaintiff's claims with Raytheon which is memorialized in the

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

2

WEST\22094085.6
406664-000008

Settlement Agreement on file with the Court, and which terms are generally summarized in this Class Notice.

10.     You have received this Class Notice because Raytheon's records show you were employed as a Class Member and your rights may be affected by this Settlement.

## POSITIONS OF THE PARTIES

11.     Raytheon has denied and continues to deny the claims in the Action. Raytheon contends that all of its employees were properly classified and have been compensated in compliance with the law. Raytheon has repeatedly asserted and continues to assert defenses to the claims in the Action, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Raytheon of any fault, wrongdoing or liability whatsoever.

12.     Counsel for the Plaintiff ("Class Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto. Class Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Raytheon through trial and through any possible appeals. Class Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not continue to be certified as well as the difficulties and delays generally inherent in class action litigation of this type.

13.     Class Counsel is also aware of the burdens of proof necessary to establish liability for the claims and of the difficulties in establishing damages for the Class Members. Class Counsel has also taken into account the extensive settlement negotiations conducted by the Parties facilitated by Magistrate Brooks. Based on the foregoing, Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

14.     Raytheon has also extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto. Although Raytheon believes it has meritorious defenses to the Action, Raytheon has concluded that the further defense of this Action would be

Questions?  Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010                    3
WEST\22094085.6
406664-000008

lengthy and expensive for all Parties. To avoid the significant time and expense of protracted litigation, Raytheon has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

15. The Court has made no ruling on the merits of the Class Members' claims.

## **PRELIMINARY APPROVAL OF THE SETTLEMENT**

16. On _____, 2010, the Court held a Preliminary Approval Hearing, at which it appointed the following attorneys ("Class Counsel") to represent the certified Class, defined above, in this Action:

> **COHELAN KHOURY & SINGER**
> Isam C. Khoury
> Michael D. Singer
> Diana M. Khoury
> J. Jason Hill
> 605 C Street, Suite 200
> San Diego, CA 92101
>
> **GASTON & GASTON**
> Frederick W. Gaston
> 1010 Second Avenue, Suite 1770
> San Diego, CA 92101

17. If you are a member of the Class, you will be bound by the Settlement if it is approved, unless you make a written request for exclusion ("opt-out") in the manner described below.

## **SUMMARY OF SETTLEMENT TERMS**

18. <u>Settlement Amount</u>.   The Settlement Agreement provides that Raytheon will pay a cash, non-reversionary sum of $2,000,000 (the "Maximum Settlement Amount"), to fully resolve the claims in the Action. After the following Court-approved deductions, the remaining amount, estimated at $1,218,333.34, will be entirely distributed to an estimated 391 members of Class who are CURRENT Raytheon employee Class Members automatically, or who are FORMER Raytheon employee Class Members who timely return the enclosed Claim Form, pursuant to a Court-approved plan of allocation based on the number

Questions?  Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010
4
WEST\22094085.6
406664-000008

of weeks worked during the Class Period by Class Members in each of the two Class positions, as detailed below.

(a) <u>Deductions</u>. The following deductions will be made from the Maximum Settlement Amount:

(i) <u>Claims Administration</u>. The Court has tentatively approved a payment to the Settlement Administrator, Rust Consulting, not to exceed $25,000, as Administration Costs to notify the Class and to process claims, among other things.

(ii) <u>Attorneys' Fees and Expenses</u>. The Court has appointed the law firms of Cohelan Khoury & Singer and Gaston & Gaston as counsel for the Class. Class Counsel have been prosecuting the Action on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses. The Settlement provides that Class Counsel may request from the Court payment of 33-1/3% of the Maximum Settlement Amount (currently anticipated to be $666,666.67) for their attorneys' fees. Class Counsel may also seek reimbursement of the expenses they have advanced, estimated to be $35,000. Payments will be subject to the Court's approval. The amounts approved will constitute full compensation for all legal fees and expenses of Class Counsel in the Action, including any work they do in the future. These attorneys' fees are within the range of fees awarded to class counsel under similar circumstances in litigation of this type. Class Members are not personally responsible for any fees or expenses.

(iii) <u>Enhancement Award to Named Plaintiff</u>. Class Counsel will also seek an Enhancement Award for the Named Plaintiff for acting as the representative on behalf of the Class in the amount of $35,000. If approved by the Court, this amount will be paid to compensate the Named Plaintiff for services he provided on behalf of the Class, including initiating, and prosecuting this Action on behalf of the Class, as well as work performed on behalf of himself and the Class which included reviewing documents, responding to discovery requests, attending strategy sessions, preparing for his deposition, and giving three full days of deposition testimony, among other things.

(iv) <u>PAGA Payment</u>. $20,000 shall be allocated to pay all applicable penalties implicated or raised by the allegations in the First Amended Complaint to the Labor and Workforce Development Agency under California

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010                     5

WEST\22094085.6
406664-000008

Case 3:10-cv-00634-LAB -RBB   Document 19-4   Filed 10/07/10   Page 7 of 14

Labor Code's Private Attorneys General Act of 2004 ("PAGA"), as amended, California Labor Code sections 2699, 2699.3, and 2699.5.

(b) <u>Payment to Class Members: Plan of Allocation</u>. The balance of the Maximum Settlement Amount, after the deductions described above, will be available for distribution to Class Members who are CURRENT Raytheon employee Class Members, or who are FORMER Raytheon employee Class Members who return the enclosed Claim Form postmarked on or before _____, 2010 ("Authorized Claimants"). Authorized Claimants will receive a Settlement Award based on the number of weeks of employment in a Class position in California during the Class Period as reflected by Defendant's corporate records, exclusive of leaves of absence ("Work Weeks").

(c) <u>Weekly Recovery Rates</u>. Because the overtime claims of the more senior SE-02 job level was deemed to be significantly weaker than those of less senior job levels, i.e., SE-01 job level, the Settlement Award for employees at the SE-02 job level will be less than the Settlement Award for employees at the SE-01 job level who worked the same number of Work Weeks during the Class Period, based upon the following estimated weekly recovery rates for each of the two Class job levels:

      SE-01:      estimated at $ 56.85 per week worked
      SE-02:      estimated at $ 16.59 per week worked

These estimates will be adjusted to a slightly lesser amount based on the inclusion of Class Members' additional work weeks up to the date of preliminary approval of the Settlement and within the Class Period.

(d) The estimated amount of your Settlement Payment (if you are a FORMER Raytheon employee Class Member who has returned a timely Claim Form, or if you are a CURRENT Raytheon employee Class Member) is identified on the enclosed Claim Form, along with the number of weeks worked in one or both Class positions during the Class Period and with your respective dates of employment.

(e) <u>Tax Matters</u>. IRS Forms W-2 and 1099 (and the equivalent California forms) will be distributed to Authorized Claimants reflecting the payments they receive under the Settlement. For tax purposes, fifty percent (50%) of the amounts distributed to each Authorized Claimant shall be treated as damages for unpaid wages and reported as such (W-2 reporting) and fifty percent (50%) shall be treated as penalties and interest under the California Labor Code. Interest

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

6

WEST\22094085.6
406664-000008

and penalties shall be reported as such (Form 1099 reporting) to the taxing authorities. Authorized Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement. The usual and customary deductions will be taken out of the amounts attributable to unpaid wages. Raytheon will pay the employer portion of FICA, FUTA and California withholdings on the portion of the amounts designated as wages.

19. <u>Release</u>. If approved by the Court, the Settlement will be binding on all members of the Class and will bar any Class Member who does not timely opt out of the Settlement from bringing the claims alleged in the Action against Raytheon described below. After Court approval, the Settlement will fully release and discharge Raytheon, its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, attorneys, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys (the "Released Parties") from any and all claims, demands, rights, liabilities, and/or causes of action that were or might have been asserted, whether in tort, contract, or otherwise, for violation of any state or federal wage and hour law, whether for economic damages, non-economic damages, restitution, penalties, or other monies arising out of, relating to, or in connection with:

(a) any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that Raytheon improperly classified Class Members as exempt from overtime compensation, failed to provide all overtime wages due, failed to provide rest and/or meal periods or compensation in lieu thereof, failed to provide timely or accurate final paychecks, failed to keep records properly concerning time worked, and/or engaged in unfair business practices based upon these alleged violations, at any time on or before Preliminary Approval (whether such claims are based on California or federal wage and hour law, contract law, or other law, including the California Private Attorneys General Act of 2004);

(b) causes of action asserted in the First Amended Complaint (collectively "Released Claims."); and/or

(c) Released Claims <u>do not</u> include any claims which may arise for retaliation arising out of participation in this litigation or class action settlement.

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties for the Released Claims. The Settlement Awards shall

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

7

WEST\22094085.6
406664-000008

be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

20. **Condition of Settlement.** This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class.

### IF YOU ARE A FORMER RAYTHEON EMPLOYEE CLASS MEMBER, AND WISH TO MAKE A CLAIM TO OBTAIN YOUR SHARE OF THE SETTLEMENT PROCEEDS

21. If you are a FORMER Raytheon employee Class Member and want to participate in the Settlement to receive your share of the settlement proceeds described above, you must sign and date the enclosed Claim Form and mail it postmarked no later than _____, **2010** to the Settlement Administrator at the following address:

**Raytheon Overtime Class Action Settlement**
c/o Rust Consulting
P.O. Box [____]
[Address]
Telephone: [Number]

Your individualized Claim Form is enclosed. (If you need an extra copy, contact the Settlement Administrator at the address or telephone number above.) If any information provided on the Claim Form is incorrect, please make corrections. For example, if your address is incorrect, please indicate your correct address. Your Settlement Award will be mailed to the address on file with the Settlement Administrator. Also, please provide your telephone number and any other requested information if it is not already filled in. If you should move at any time following receipt of this Notice, you MUST immediately notify the Settlement Administrator to ensure receipt of your Settlement Payment. If you wish to have confirmation that the Settlement Administrator has received your Claim Form, please send your Claim Form to the Settlement Administrator by certified U.S. Mail with a return-receipt request.

The Claim Form lists your total number of Work Weeks in each Class position job level. If you believe the number of Work Weeks at the job levels listed on the

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010                                        8
WEST\22094085.6
406664-000008

Claim Form is incorrect, you may send a letter indicating the correct dates to the Settlement Administrator along with the Claim Form. You may also send any documents or other information that support your belief. The Settlement Administrator will resolve any dispute regarding the dates you worked, weeks worked and/or job levels in a Class position, based on Raytheon's records and any information that you provide. The number of Work Weeks is presumed to be correct unless the documents you submit are company records from Raytheon.

22.    If you are a Class Member and you do not elect to exclude yourself from the Settlement in the manner described in paragraph ___, below, you will be bound by all of the provisions of the Settlement, including a full release of claims that will prevent you from separately suing Raytheon or any of the Released Parties for the matters being settled in this case (see paragraph __).

23.    IF YOU ARE A FORMER RAYTHEON EMPLOYEE CLASS MEMBER AND YOU DO NOTHING — THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY CLAIM FORM OR A REQUEST FOR EXCLUSION FROM THE CLASS IN THE MANNER DESCRIBED IN PARAGRAPH __, BELOW — YOU WILL NOT RECEIVE A SHARE OF THE SETTLEMENT AWARD.  HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE.

**IF YOU ARE A CURRENT RAYTHEON EMPLOYEE CLASS MEMBER, YOU WILL RECEIVE YOUR SETTLEMENT PAYMENT WITHOUT THE RETURN A CLAIM FORM**

24.    If you are a CURRENT Raytheon employee Class Member, you will be automatically considered an Authorized Claimant and will be sent a Settlement Payment. You do not need to sign, date or return the enclosed Claim Form to receive your Settlement Payment. <u>You do, however, need to return the enclosed Claim Form</u> in either of these instances: (1) to inform the Settlement Administrator of an updated address to which your Settlement Payment and all further communications should be mailed, if the address to which this Notice was mailed was incorrect. In this instance, please provide your complete updated address and telephone number(s). Remember, that should you move at any time AFTER receiving this Notice, you must immediately notify the Settlement Administrator at the toll-free number provided at the bottom of each page of this Notice, to ensure receipt of your Settlement Payment and all further communications concerning this Settlement; and/or (2) if you believe the individualized information upon which your Settlement Payment has been

Questions?  Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010                              9
WEST\22094085.6
406664-000008

determined is incorrect, you should return the Claim Form, along with any and all information and documentation you have which supports your position. The Settlement Administrator will resolve any dispute regarding the dates you worked, weeks worked and/or job levels in a Class position, based on Raytheon's records and any information that you provide. The number of Work Weeks is presumed to be correct unless the documents you submit are company records from Raytheon.

## **PROCEDURE FOR EXCLUDING YOURSELF FROM THE SETTLEMENT**

25.   Class Members may exclude themselves ("opt-out") from the Settlement Class by submitting a written request to be excluded to the Settlement Administrator by certified mail at the address listed in paragraph __, above, on or before _____, 2010. To opt out, your written statement must state in substance:

> "I wish to opt out of the lawsuit and Settlement in the Raytheon Overtime Class Action Settlement, United States District Court for the Southern District of California, Case No. 3-10-CV-00734-LAB (RBB). I understand that by requesting to be excluded from the Settlement, I will receive no money from the Settlement described in the Notice which I have received and read."

The opt-out request must include your name (and former names, if any), current address, telephone number, and last four digits of your social security number. Opt-out requests that do not include all required information, or that are not submitted timely, will be disregarded. Persons who submit valid and timely opt-out requests will not participate in the Settlement and will not be bound by either the Settlement or the Judgment.

## **PROCEDURE FOR OBJECTING TO THE SETTLEMENT**

26.   If you are a Class Member and believe that the Settlement should not be finally approved by the Court for any reason, and want the Court to consider your objection, then on or before _____, 2010, you must file a written objection in which you state the basis of your objection, with the Court, located at 940 Front Street, San Diego, California, 92101. You must also at the same time mail copies of your objection to both Class Counsel and Defendant's Counsel at the addresses listed below.

Questions?  Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

10

WEST\22094085.6
406664-000008

Counsel for Plaintiff and the Class:

>**COHELAN KHOURY & SINGER**
>Isam C. Khoury
>Michael D. Singer
>Diana M. Khoury
>J. Jason Hill
>605 C Street, Suite 200
>San Diego, CA 92101-5305
>Telephone:  (619) 595-3001
>
>**GASTON & GASTON**
>Frederick W. Gaston
>1010 Second Avenue, Suite 1770
>San Diego, CA 92101
>Telephone:  (619) 398-1882

Counsel for Defendant, Raytheon Company:

>**DLA PIPER LLP (US)**
>Merrill F. Storms, Jr.
>John E. Fitzsimmons
>401 B Street, Suite 1700
>San Diego, CA  92101-4297

     27.   You may also appear at the hearing scheduled for __:00 a.m. on _____, 2010, in Courtroom 9 of the United States District Court for the Southern District of California located at 940 Front Street, San Diego, California, 92101, to have your objection heard by the Court.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.  Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties on or before _____, 2010.  All objections or other correspondence must state the name and number of the case, which is <u>Watson v. Raytheon Company</u>, Case No. 3-10-CV-00634-LAB (RBB.)   If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object, unless you have opted out of the Settlement in the manner described in paragraph __, above.

Questions?  Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

11

WEST\22094085.6
406664-000008

28. Any member of the Class who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## HEARING ON THE SETTLEMENT

29. You are not required to attend the Final Approval Hearing.

30. The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at __:00 a.m. on _____, 2010, in Courtroom 9 of the United States District Court for the Southern District of California located at 940 Front Street, San Diego, California, 92101. The Hearing may be continued without further notice.

31. You may object, personally or through an attorney, to the Settlement by mailing your objection and following the procedures outlined in paragraphs ___-___, above.

32. Any Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the Settlement.

## IMPORTANT - CHANGE OF ADDRESS

33. If after you receive this Notice, you move or if the Notice was originally misaddressed or if for any reason you want your payment or future correspondence concerning this Action and the Settlement to be sent to a different address, you must send your current preferred address to the Settlement Administrator. Unless the Settlement Administrator has a current and accurate mailing address on file for you, you may not receive your Settlement Payment following Court approval of the settlement.

## ADDITIONAL INFORMATION

34. This Class Notice is only a summary of the Action and the Settlement. For a more detailed statement of the matters involved in the Action and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of California located at 940

Questions? Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

12

WEST\22094085.6
406664-000008

Front Street, San Diego, California 92101, during regular business hours of each court day.

35.   All inquiries by Class Members regarding this Class Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel. **PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, RAYTHEON OR RAYTHEON'S ATTORNEYS WITH INQUIRIES.**

Questions?  Call 800-xxx-xxxx
Deadline to postmark claims is _____, 2010

13

WEST\22094085.6
406664-000008