# EXHIBIT 3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*Watson v. Raytheon Company*
U.S.D.C. Case No. 10CV0634 LAB (RBB)

**Declaration of Timothy D. Cohelan in Support of Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, And Setting of Final Fairness Hearing**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WATSON, on behalf of himself and all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY and DOES 1 through 100, Inclusive,<br><br>Defendant. | CASE NO. 10-cv-00634-LAB-RBB<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 8, 2010<br>Time: 11:15 a.m.<br>Ctrm: 9<br>Judge: Hon. Larry A. Burns<br><br>Complaint filed: May 29, 2008<br>Trial Date: None set |

    This matter came on for hearing on November 8, 2010, at 11:15 a.m. in Courtroom 9 of the above-captioned court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Court, having fully reviewed Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement, the supporting Memorandum of Points and Authorities and Declaration of Timothy D. Cohelan filed in support thereof, including the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement"), the Notice of Class Action Settlement and Claim Form attached as exhibits to the Settlement Agreement, and having carefully analyzed the Settlement Agreement and the proposed Notice of Class Action Settlement,

-1-

1  and in recognition of the Court's duty to make a preliminary determination as to the
2  reasonableness of any proposed class action settlement, and if preliminarily determined to be
3  reasonable, to ensure proper notice is provided to all members of the class ("Class Members") in
4  accordance with due process requirements, and to set a Final Fairness Hearing to consider the
5  proposed settlement as to the good faith, fairness, adequacy and reasonableness of any proposed
6  settlement,
7     THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND
8  ORDERS:
9     1.   The Court hereby GRANTS preliminary approval of the terms and conditions
10 contained in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement
11 Agreement").  The Court notes that Defendant Raytheon Company has agreed to pay the non-
12 reversionary Maximum Settlement Amount of $2,000,000, plus the employer-sided payroll taxes,
13 to the Plaintiff/Class Representative, Class Members, Labor Workforce Development Agency,
14 Class Counsel, and the Claims Administrator, in full satisfaction of the claims as more
15 specifically described in the Settlement Agreement.
16    2.   The Court conditionally finds that the Settlement Agreement was the product of
17 serious, informed, non-collusive negotiations conducted at arms' length by the Parties on June 30,
18 2010, and facilitated with the assistance of Magistrate Ruben B. Brooks.  In so noting, the Court
19 considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the
20 allocation of settlement proceeds among the class members, and the fact that a settlement
21 represents a compromise of the Parties' respective positions rather than the result of a finding of
22 liability at trial.  The Court further conditionally finds that the terms of the Settlement Agreement
23 have no obvious deficiencies and do not improperly grant preferential treatment to any individual
24 class member.  Accordingly, the Court preliminarily finds that the Settlement Agreement attached
25 to the Declaration of Isam C. Khoury as Exhibit "1", incorporated herein by this reference in full,
26 and made a part of this Order of Preliminary Approval, appears to be within the range of
27 reasonableness of a settlement which could ultimately be given final approval by this Court.
28 /////

3. The Court further notes that the settled Class was previously certified on January 29, 2010, and defined as "All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed at any time during the period from May 24, 2004 through the present."

4. The law firms of Cohelan Khoury & Singer and Gaston & Gaston will continue to serve as Class Counsel, and that Plaintiff Andre Watson will continue to as serve as the representative for the Class.

5. The Court hereby authorizes the retention of Rust Consulting, Inc. as Settlement Administrator for the purpose of this Settlement.

6. The Court hereby APPROVES the proposed Notice of Class Action Settlement and Settlement Hearing (the "Class Notice" or "Notice"), attached hereto as Exhibit B. The Court finds that the Class Notice along with the related notification materials constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, to the extent applicable, the United States Constitution, and the requirements of due process. The Court further finds that the Class Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement Agreement, of the Class Members' right to be excluded from the Class, and of each Class Member's right and opportunity to object to the Settlement and/or to participate in the Settlement and the procedures for doing so.

7. The Court hereby APPROVES the proposed Claim Form for use in administering the Settlement, attached to the Settlement Agreement as Exhibit A. Claim Forms must be mailed to Class Members along with the Class Notice.

8. The Court hereby finds that the mailing of the Class Notice to the last known address of Class Members as specifically described within the Settlement Agreement, with measures taken for verification of an address and skip tracing by the Settlement Administrator, constitutes an effective method of notifying Class Members of their rights with respect to the Class Action and Settlement. Accordingly, it is hereby ORDERED, that

/////

-3-

1    A.   On or before _____, 2010 (14 days after preliminary approval), Defendant shall transmit to RUST CONSULTING, INC., in a readable, ready to use electronic excel format spreadsheet, a list containing the following information for each Class Member: 1) name; 2) last known address (street, city and zip code); 3) telephone number(s); 4) dates of employment; 5) position, level and job code worked during their employment; 6) number of weeks worked during the Class Period as either an SE01 (CE37) or SE02 (CE38) position; and 6) social security number ("Class Data List");

B.   On or before _____, 2010 (30 days after preliminary approval), Rust Consulting, Inc., shall mail the Class Notice, Claim Form, and a post-paid, pre-printed return envelope (collectively "Notice Packet") to all Class Members pursuant to the terms of the Settlement, by first class, regular U.S. mail, using the most current mailing address information available;

C.   Class members that are Current Raytheon employees as of the date of the mailing of the Notice Packet will automatically be considered to have returned a Claim Form asking to participate in the Settlement, unless they return a Request for Exclusion;

D.   On or before _____, 2010 (60 days after mailing of the Notice Packets), Claim Forms from any Class Member originally identified as a former Raytheon employee when the Notice packets were mailed, must be postmarked and mailed to the Settlement Administrator ("Claims Deadline");

E.   On or before _____, 2010 (60 days after mailing of the Notice Packets), written requests for exclusion ("opt-out") must be postmarked and mailed to the Settlement Administrator;

F.   On or before _____, 2010 (14 days before the expiration of the Claims Deadline), the Settlement Administrator shall mail a letter to all Class Members who are Former Raytheon employees and who have not responded with the return of a Claim Form or a request for exclusion to remind them of the deadline to return a Claim Form;

G.   No Class Member may be heard at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing and

-4-

1  written objections setting forth the factual and legal arguments supporting the objection, shall
2  have been first been filed with the Court and served on counsel for the Parties on or before
3  _____, 2010 (ten days following filing of Motion for Final Approval of Class
4  Action Settlement and Motion for Attorneys' Fees and Costs, etc., ).  Class Members who have
5  not timely filed and served written objections in the manner specified in the Class Notice and
6  shall be deemed to have waived any objections, shall be foreclosed from making any objection to
7  the settlement, and shall not be heard at the Final Approval Hearing.
8      9.    IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before
9  the undersigned at \_\_\_\_\_ a.m. on _____, 2010 in Courtroom 9 of the United States
10 District Court for the Southern District of California located at 940 Front Street, San Diego,
11 California 92101 to consider the fairness, adequacy and reasonableness of the proposed
12 Settlement preliminarily approved by this Preliminary Approval Order, and to consider the
13 application for an Enhancement Award to the Plaintiff/Class Representative, Class Counsels' Fee
14 and Expense Award, and Settlement Administration costs.  All briefs and materials in support of a
15 Final Approval Order and an Order Granting Class Counsels' Fee and Expense Award,
16 Enhancement Award, and Settlement Administration costs, shall be filed with this Court on or
17 before _____, 2010.
18     10.   IT IS FURTHER ORDERED that pending further order of this Court, all
19 proceedings in this matter except those contemplated herein and in the Settlement Agreement are
20 stayed.
21     11.   If the Court grants final approval, Settlement Class Members shall conclusively be
22 deemed to have released the Released Parties from the Released Claims as set forth in the
23 Settlement Agreement and Class Notice, and all Settlement Class Members shall be permanently
24 enjoined and forever barred from asserting any claim related to this Action against the Released
25 Parties.  If for any reason the Court does not execute and file a Final Approval Order, the
26 proposed settlement subject to this Order and all evidence and proceedings had in connection
27 herewith shall be without prejudice to the status quo ante rights of the parties to the litigation.
28

-5-

12. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

IT IS SO ORDERED.

Dated: _____, 2010        _____
                                        Hon. Larry Alan Burns
                                        United States District Judge