# EXHIBIT B

ORDER GRANTING CLASS CERTIFICATION

*Watson v. Raytheon Company*
U.S.D.C. Case No. 10CV0634 LAB (RBB)

Declaration of Timothy D. Cohelan in Support of Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, And Setting of Final Fairness Hearing

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

MINUTE ORDER

Date: 01/29/2010                Time: 10:30:00 AM              Dept: C-73

Judicial Officer Presiding: Judge Steven R. Denton
Clerk: Sandra Weaver

Bailiff/Court Attendant:
ERM: Not reported


Case Init. Date: 05/29/2008

Case No: 37-2008-00084769-CU-OE-CTL   Case Title: Watson vs. Raytheon Company

Case Category: Civil - Unlimited         Case Type: Other employment

Event Type: Motion Hearing to Certify/Decertify Class Action
Moving Party: AndreWatson
Causal Document & Date Filed: Motion to Certify Class, 11/23/2009

**Appearances:**

The Court, having taken the above-entitled matter under submission on 01/15/2010 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

After entertaining the arguments of counsel and taking the matter under submission the court now rules as follows

Plaintiff ANDRE WATSON'S motion for class certification is granted. Plaintiffs' present attorneys of record will be class counsel. The court certifies the following classes:

Main Plaintiff Class:
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present.

Class 1 (Overtime Class):
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present, who were deemed ineligible for premium pay for all hours worked in excess of eight hours per workday or forty hours per workweek.

Class 2 (Meal Period Class):
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present, who by virtue of their "exempt" classification, were ineligible to receive one extra hour of wages pursuant to California law for each missed, short, interrupted, late or missed meal period.

Class 3 (Rest Period Class):
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as

Case 3:10-cv-00634-LAB -RBB   Document 19-9   Filed 10/07/10   Page 3 of 6

Case Title: Watson vs. Raytheon Company          Case No: 37-2008-00084769-CU-OE-CTL

Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present, who by virtue of their "exempt" classification, were ineligible to receive one extra hour of wages pursuant to California law for each missed, short, interrupted, late or missed rest period.

Class 4 (226(b) Class)
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present, who were not provided accurate, itemized wage statements.

Class 5 (203 Waiting Time):
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) who are no longer employed defendant and to whom it did not pay all wages due upon separation of employment from May 29, 2004 to the present.

Class 6 (17200 Class):
All Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present, who were subjected to defendant's unlawful, unfair, or fraudulent business acts or practices in violation of Labor code provisions regarding overtime, meal and rest periods, wage statements, and timely payment of all wages.

Class 7 (PAGA Class):
Plaintiff Andre Watson, as a representative action, on behalf of the general public and acting as a private attorney general pursuant to Labor Code §§ 2698, et seq., for the recovery of any and all penalties as to each violation of the Labor Code shown by way of defendant's employment policies and practices common to each of Raytheon Company's California based Software Engineer I and Software Engineer II (also known as Software Engineer E01 and Software Engineer E02 having designated job codes of CE37/CE38) employed from May 29, 2004 to the present, with 75% of penalties recovered being payable to the State of California and/or the LWDA.

Plaintiffs have the burden of establishing the existence of an ascertainable class, and a well defined community of interest among the class members. Whether a class is ascertainable is determined by examining (1) the class definition, (2) the size of the class, and (3) the means available for identifying class members. Global Minerals & Metals Corp. v. Superior Court 113 Cal. App. 4th 836, 849, (2003). There is a means available to identify class members via the records maintained by defendant. Also, the class size (approximately 427) is sufficiently numerous such that class action treatment is the preferred method of adjudication.

The community of interest requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class. C.C.P. § 382; Linder v. Thrifty Oil Co., 23 Cal. 4th 429, 435-436, (2000). The requisite community of interest exists only where the issues which may be jointly tried, when compared with those requiring separate adjudication, are sufficiently numerous and substantial to make a class action advantageous. Hamwi v. Citinational-Buckeye Inv. Co., 72 Cal. App. 3d 462, 471, (1977). If a class action will splinter into individual trials, common questions do not predominate and litigation of the action in the class format is inappropriate. Id. In making the evaluation of whether to certify a class, the court should accept the allegations in the complaint as true. La Sala v. American Savings & Loan Association, 5 Cal. 3d 864, 869 (1971). The question of certification is essentially a procedural issue that generally does not ask whether an action is legally or factually meritorious. Linder v. Thrifty Oil Co., supra, at 437-443. Predominance is a comparative concept, and the necessity for class members to individually establish eligibility and damages does not mean individual fact questions predominate. Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319, 334 (2004). The need for individualized proof of damages is not per se an obstacle to class treatment, and that each member of the class must prove his or her separate claim to a portion of any recovery by the class is only one factor to be considered in determining whether a class action is proper. Id. at 334-335.

As with the class comprised of operating and assistant managers in the Sav-On case, the court finds

Case 3:10-cv-00634-LAB -RBB   Document 19-9   Filed 10/07/10   Page 4 of 6

Case Title: Watson vs. Raytheon Company          Case No: 37-2008-00084769-CU-OE-CTL

that common issues predominate. Defendant's internal documents evidence classification based on broad job descriptions alone. Task classification (i.e., whether to classify the various duties performed by lower level software engineers as either exempt or non-exempt) is a mixed question of law and fact appropriate for a court to address separately from calculating the amount of time specific employees actually spend on given tasks. Id. at 330. Common issues predominate in such a determination where the tasks comprise a reasonably definite and finite list. Id. at 330-331. California courts have, in a wide variety of contexts, considered pattern and practice evidence, statistical evidence, sampling evidence, expert testimony, and other indicators of a defendant's centralized practices in order to evaluate whether common behavior towards similarly situated plaintiffs makes class certification appropriate. Id. at 333. The use of statistical sampling in an overtime class action does not dispense with proof of damages, but rather offers a different method of proof. Id. Even if some individualized proof ultimately is required to parse class members' claims, it does not necessarily follow that such issues will predominate. Id. at 334. Neither variation in the mix of actual work activities undertaken during the class period, nor differences in the total unpaid overtime compensation owed each class member bars class certification as a matter of law. Id. at 335.

The deposition testimony of plaintiff and defendant's management and human resources employees, the declarations of plaintiff's experts, the declarations of other software engineers and the documentary evidence presented by the parties sufficiently demonstrate two factors weighing in favor of the predominance of common issues. First, this evidence tends to demonstrate similarity in the tasks performed by lower level software engineers. Although the specific projects differed (e.g., implementation of software for navy destroyer, improved precision of global positioning technology, upgrades to existing military radar systems, UAV radar systems, toll collection systems, etc.), the tasks completed within the software development lifecycle are relatively uniform for all of these projects (conceptualization and design, code writing, testing, de-bugging, integration, upgrades, etc.). Certainly, there is infinite variety within these broad categories as is evidenced by the variety of job codes used to record time expended on given projects. However, an infinite amount of variety can be found in any task performed by any employee, and this is not the yardstick used to measure commonality. Instead, the merits of this action (i.e., whether the employees are properly classified as exempt) will be determined based on broader job task descriptions (though not necessarily as broad as the task categories listed above).

The second factor weighing in favor of the predominance of common issues is the ability to use statistical sampling evidence as proof of the tasks performed by class members. Although this statistical evidence has not yet been created, plaintiff's experts sufficiently demonstrate the ability to gather useful, statistically significant evidence. This evidence is likely to be sufficiently accurate if in fact defendant's own time keeping records can be used as a cross-check. Defendant contends plaintiff fails to meet his burden of demonstrating the usefulness of this data because the sampling has not yet been undertaken. However, this is not determinative. Plaintiff's experts sufficiently demonstrate that it is more likely than not that this evidence will be a reliable indicator of the time dedicated to given tasks by lower level software engineers.

Defendant argues there are individual issues involved in the determination as to whether various putative class members worked on federal enclaves, or completed work pursuant to federal procurement contracts. Essentially, defendant contends that work completed under these two conditions is not regulated by state labor law. However, whether these two conditions result in preemption of state labor law is a common issue. To the extent defendant is correct, these defenses diminish the recoverable damages of some class members, but do not defeat commonality.

Defendant argues the four relevant exemptions to the hourly wage laws (learned professional, administrative, executive and computer professional) necessitate individualized inquiries. However whether these exemptions apply is a mixed question of law and fact, which will be based on the common evidence regarding the tasks performed by lower level software engineers. In essence, this is merely a restatement of defendant's overall contention that commonality does not predominate.

Defendant contends that whether each employee took the required meal and rest periods will involve individualized issues: employees might have taken these breaks even though classified as exempt. However, whether defendant permitted these breaks is a common issue. Also, this can be determined on a class wide basis given the anticipated statistical evidence. If no class wide evidence exists this aspect of the action can be decertified.

Case 3:10-cv-00634-LAB -RBB   Document 19-9   Filed 10/07/10   Page 5 of 6

Case Title: Watson vs. Raytheon Company          Case No: 37-2008-00084769-CU-OE-CTL

It is elementary that the named plaintiff in a class action must be a member of the class he or she purports to represent. Trotsky v. Los Angeles Fed. Sav. & Loan Assn., 48 Cal. App. 3d 134, 146 (1975). Plaintiff must be a person who will fairly and adequately protect the interests of the class and whose claims or defenses are typical of the claims or defenses of the class. Id. It is the fact that the class plaintiff's claims are typical and his or her representation of the class adequate which gives legitimacy to permitting the plaintiff to bind class members who have notice of the action. Id. Defendant contends plaintiff's claims are not typical of the class because the menial tasks plaintiff describes were not the type of tasks performed by other putative class members. However, this argument simply restates the commonality argument; i.e., that the tasks performed by individual software engineers are unique. As discussed above, the overall evidence presented suggests sufficient commonality exists despite the "spin" both sides place on this evidence.

Defendant argues that the proposed PAGA class cannot be certified because plaintiff's PAGA action is time barred and as a result he is not an adequate class representative. However, this is a merits based analysis. If defendant is correct after a merits based determination then the court has the discretion to decertify this aspect of the class (or to permit an additional class representative).

IT IS SO ORDERED.

_Steven R. Denton_
Steven R. Denton

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO Central 330 West Broadway San Diego, CA 92101 | RECEIVED FEB 0 3 2010 COHELAN KHOURY & SINGER |
|---|---|

**SHORT TITLE:** Watson vs. Raytheon Company

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2008-00084769-CU-OE-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the attached was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 02/01/2010.

Clerk of the Court, by: _S. Weaver_, Deputy

MICHAEL D. SINGER
COHELAN KHOURY & SINGER
605 C ST., SUITE 200
SAN DIEGO, CA 92101

Frederick W Gaston
Law Offices of Gaston & Gaston
1010 2nd Avenue # Suite 1770
San Diego, CA 92101

Tonya M Cross
DLA Piper US LLP
401 B Street # 1700
San Diego, CA 92101

☐ Additional names and address attached.